# Exhibit A

Case 1:21-cv-00194-MKB-JRC    Document 29-2    Filed 11/07/22    Page 2 of 10 PageID #: 120

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
JADA FOUZIA,

                                        Plaintiff(s),

            -against-

COSTCO WHOLESALE CORPORATION and MBA -
VERNON BOULEVARD, LLC,

                                        Defendant(s).
------------------------------------------------------------------------X

Index No.:
Date Purchased:

SUMMONS

Plaintiff designates Queens County as the place of trial.

The basis of venue is the plaintiff's residence.

Plaintiff resides at:
32-40 46 Street
Long Island City, NY 11103

To the above named Defendant(s):

        You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:       Queens, New York
             September 16, 2020

                                        Very truly yours,
                                        ARGYROPOULOS & ASSOCIATES, LLC


                                        _____
                                        By PHILIP ARGYROPOULOS, ESQ.
                                        Attorney for Plaintiff(s)
                                        JADA FOUZIA
                                        31-08 Broadway, Suite 202
                                        Astoria, NY 11106

TO:          COSTCO WHOLESALE CORPORATION
             C/o CT Corporation System
             111 Eighth Avenue
             New York, New York 10011
             **(Serve by Secretary of State)**

             MBA – VERNON BOULEVARD, LLC
             C/o Corporation Service Company
             80 State Street
             Albany, New York 12207
             **(Serve by Secretary of State)**

Case 1:21-cv-00194-MKB-JRC   Document 29-2   Filed 11/07/22   Page 3 of 10 PageID #: 121

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
JADA FOUZIA,

                                  Plaintiff(s),

        -against-

COSTCO WHOLESALE CORPORATION and MBA -
VERNON BOULEVARD, LLC,

                                  Defendant(s).
-----------------------------------------------------------------------X

Index No.:

VERIFIED
COMPLAINT

Plaintiff JADA FOUZIA, as and for her Verified Complaint, respectfully alleges as follows:

1. That at all times hereinafter mentioned and at present, I was and am a resident of the County of Queens, City and State of New York.

2. Upon information and belief, that at all times hereinafter mentioned the defendant, COSTCO WHOLESALE CORPORATION, was and is a foreign corporation, duly authorized and permitted to transact business in the State of New York.

3. Upon information and belief, that at all times hereinafter mentioned the defendant, COSTCO WHOLESALE CORPORATION, was and is a domestic corporation, duly authorized and permitted to transact business in the State of New York.

4. Upon information and belief, that at all times hereinafter mentioned, the defendant, MBA – VERNON BOULEVARD, LLC, was and is a foreign limited liability company, duly authorized and permitted to transact business within the State of New York.

5. Upon information and belief, that at all times hereinafter mentioned, the defendant, MBA – VERNON BOULEVARD, LLC, was and is a domestic limited liability company, duly authorized and permitted to transact business within the State of New York.

Case 1:21-cv-00194-MKB-JRC     Document 29-2     Filed 11/07/22     Page 4 of 10 PageID #: 122

6.  Upon information and belief, that at all times hereinafter mentioned the defendant, MBA – VERNON BOULEVARD, LLC, was and is the owner of the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

7.  Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO WHOLESALE CORPORATION, leased a portion of the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

8.  Upon information and belief, that at all times hereinafter mentioned, the defendant, MBA – VERNON BOULEVARD, LLC, was a party to an agreement in connection with a portion of the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

9.  Upon information and belief, that at all times hereinafter mentioned, the defendant, MBA – VERNON BOULEVARD, LLC, was a party to an agreement in connection with the lease of a portion of the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

10. Upon information and belief, that at all times hereinafter mentioned, the defendant, MBA – VERNON BOULEVARD, LLC, was a party to an agreement with the defendant, COSTCO WHOLESALE CORPORATION in connection with a portion of the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

11. Upon information and belief, that at all times hereinafter mentioned, the defendant, MBA – VERNON BOULEVARD, LLC, was a party to an agreement with COSTCO WHOLESALE CORPORATION in connection with the lease of a portion of the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

12. Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO WHOLESALE CORPORATION, had agents, servants and/or employees on the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

Case 1:21-cv-00194-MKB-JRC    Document 29-2    Filed 11/07/22    Page 5 of 10 PageID #: 123

13. Upon information and belief, that at all times hereinafter mentioned, the defendant, MBA – VERNON BOULEVARD, LLC, had agents, servants and/or employees on the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

14. Upon information and belief, that at all times hereinafter mentioned, the defendant, COSTCO WHOLESALE CORPORATION, by its agents, servants and/or employees, controlled, operated and/or maintained the interior portion of the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

15. Upon information and belief, that at all times hereinafter mentioned, the defendant, MBA – VERNON BOULEVARD, LLC, by its agents, servants and/or employees, controlled, operated and/or maintained the interior portion of the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

16. Upon information and belief, that on August 16, 2018, the defendant, COSTCO WHOLESALE CORPORATION, had agents, servants and/or employees on the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

17. Upon information and belief, that on August 16, 2018, the defendant, MBA – VERNON BOULEVARD, LLC, had agents, servants and/or employees on the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

18. Upon information and belief, that on August 16, 2018, the defendant, COSTCO WHOLESALE CORPORATION, by its agents, servants and/or employees, controlled, operated and/or maintained the interior portion of the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

19. Upon information and belief, that on August 16, 2018, the defendant, MBA – VERNON BOULEVARD, LLC, by its agents, servants and/or employees, controlled, operated and/or maintained the interior portion of the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

Case 1:21-cv-00194-MKB-JRC    Document 29-2    Filed 11/07/22    Page 6 of 10 PageID #: 124

20. That on the 16th day of August, 2018, plaintiff, JADA FOUZIA, was lawfully and carefully within the premises as a retail customer at the aforementioned premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York.

21. That on the 16th day of August, 2018, plaintiff, JADA FOUZIA, was caused to sustain serious and personal injuries on the premises located at 32-50 Vernon Boulevard, in the County of Queens, City and State of New York, due to the dangerous and defective conditions thereat.

22. That the aforementioned occurrence was caused solely and wholly by reason of the negligence of the defendants, by their agents, servants and/or employees in causing, allowing and permitting dangerous and hazardous conditions at the aforementioned premises; in failing to take proper steps and measures to maintain the area of the floors in the aforementioned premises in a safe condition; in permitting, causing and allowing the area of the floors in and at the aforesaid premises to remain in a hazardous condition for an extended period of time; in causing and allowing the presence of slipping hazards to exist on the floors in and at the aforesaid premises for an extended period of time without proper warning thereof; in failing to maintain the aforementioned location; in failing to keep the aforementioned location clean and clear; in failing to inspect the aforementioned location; in improperly inspecting the premises; in failing to inspect the area of the floors in and at the premises; in causing, permitting and allowing the area of the floors to be in violation of the various rules, regulations, statutes and codes of the State of New York; in failing to maintain the area of the floors at the premises despite actual and constructive notice of hazardous, dangerous and defective conditions thereon; in causing and creating dangerous and hazardous slipping hazards in and at the premises; in failing to give warning or notice of the aforementioned hazardous, dangerous and defective conditions; in failing to place barricades, warnings, and signs at the aforesaid locations; in failing to have sufficient personnel at the

Case 1:21-cv-00194-MKB-JRC    Document 29-2    Filed 11/07/22    Page 7 of 10 PageID #: 125

premises; in failing to have efficient personal at the premises; in failing to properly clean and maintain the floors; in that they were further negligent in that they created and maintained an absolute nuisance under the circumstances; in failing to provide this plaintiff with a safe and unobstructed use of the aforementioned the area of the floors at the premises; in permitting, causing and allowing a slipping hazard at the premises; in failing to maintain the premises; in permitting causing and allowing food to collect and to accumulate on the area of the floors and public areas of the premises and creating a hazardous and slippery condition; in permitting, causing and allowing food and debris to accumulate on the area of the floors and public areas of the premises and creating a hazardous and slippery condition; in causing, permitting and allowing food and debris to collect and to accumulate on the area of the floors and public areas of the premises and creating a hazardous and slippery condition; in failing to inspect the premises; all without negligence on the part of the plaintiff.

23. Section 1602 of the CPLR is applicable as this action is within the exemptions set forth therein.

24. That by reason of the aforesaid, this plaintiff has been rendered sick, sore, lame and disabled; that she suffers, has suffered and may in the future continue to suffer great pain; that she has been compelled to seek medical care, attention and treatment in an effort to see herself cured of her said injuries and may in the future be so compelled; that she has been required to expend various sums of money in an effort to see herself cured of her said injuries and may in the future be so required; that she was confined to a hospital and to her home and bed for a period of time and may in the future be so confined; that she was disabled from attending to her usual duties and activities and may in the future be so disabled and that she has otherwise been damaged herein.

Case 1:21-cv-00194-MKB-JRC    Document 29-2    Filed 11/07/22    Page 8 of 10 PageID #: 126

**WHEREFORE**, plaintiff, JADA FOUZIA, demands judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction; together with the cost and disbursements of this action.

Dated: Queens, New York
       September 16, 2020

_____
PHILIP ARGYROPOULOS, ESQ.

Case 1:21-cv-00194-MKB-JRC Document 29-2 Filed 11/07/22 Page 9 of 10 PageID #: 127

VERIFICATION

STATE OF NEW YORK    )
                            ) ss:
COUNTY OF QUEENS    )

    I, *JADA FOUZIA* , being duly sworn depose and say; I am the plaintiff in the within action;

    That I have read the foregoing *Summons & Complaint* , and know the contents thereof; that the same is true to our own knowledge, except as to those matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true.

Dated: Queens, New York
    *September 16* , 20*20*

                            x _____
                               **FOUZIA JADA**

Sworn to before me this
*16th* day of *Sept* , 20*20*

_____
NOTARY PUBLIC

LEONORA STAMOULIS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ST6370102
Qualified in Queens County
Commission Expires January 29, 20*22*

INDEX NO. 715993/2020

RECEIVED NYSCEF: 09/16/2020

Case 1:21-cv-00194-MKB-JRC   Document 29-2   Filed 11/07/22   Page 10 of 10 PageID #: 128

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

JADA FOUZIA

Plaintiff(s),

-against-

COSTCO WHOLESALE CORPORATION AND MBA - VERNON BOULEVARD, LLC

Defendant(s).

## SUMMONS AND VERIFIED COMPLAINT

Certification per 22 NYCRR §130-1.1a

-----------------------------------------------------------

**Philip Argyropoulos, Esq.**
**Argyropoulos & Associates, LLC LLP**
*Attorneys for Plaintiff(s)*
**31-08 Broadway, Suite 202**
**Astoria, NY 11106**
**7187771777**

To:
Attorney(s) for

Service of a copy of the within                     is hereby admitted.

Dated:                             .............................
                                   Attorney(s) for

*PLEASE TAKE NOTICE*
NOTICE OF

ENTRY       that the within is a (certified) true copy of a          entered in the office of the Clerk of the within named
            Court on          20 .

NOTICE          that an Order of which the within is a true copy will be presented to the Hon.          , one of the
OF
SETTLEMENT    judges of the within named Court, at ,
            , on
            2013, at     M.

Dated:  September 16, 2020

Argyropoulos & Associates, LLC
*Attorneys for Plaintiff(s)*