# Exhibit G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

FOUZIA JADA,

              Plaintiff,

   -against-

COSTCO WHOLESALE CORPORATION and MBA –
VERNON BOULEVARD, LLC,

              Defendants.

------------------------------------------------------------------------- X

Docket No.: 1:21-CV-194-MKB-VMS

**RESPONSE TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

Plaintiff FOUZIA JADA by her attorneys, McMANUS ATESHOGLOU AIELLO & APOSTOLAKOS PLLC, as and for her response to defendants FIRST SET OF INTERROGATORIES dated February 23, 2021, states as follows:

1.     State the date of birth, social security number and address of plaintiff.

**RESPONSE:  Plaintiff's date of birth: xx/xx/1966; social security number: xxx-xx-1403; residence: 32-40 46th Street, Apartment 1D, Astoria, New York 11103.**

2.     State the date and approximate time of day of the occurrence.

**RESPONSE:  Plaintiff was injured on August 16, 2018 at approximately 7:20 p.m.**

3.     State the specific location within the Costco warehouse of the happening of the occurrence in sufficient detail as so to permit accurate identification.

**RESPONSE:  Plaintiff was caused to be injured in the interior of the premises (in the vicinity of the cashiers) located at 32-50 Vernon Boulevard, Long Island City, New York.**

4.     State the specific manner in which the incident complained of allegedly occurred.

**RESPONSE:  Plaintiff was caused to slip and fall due to the extended presence of a foreign substance on the floor at the aforesaid location, which appeared to be crushed and dirty blueberries.**

5.      Describe in detail the alleged dangerous or hazardous condition that caused the occurrence.

**RESPONSE:  See response to interrogatory 4 above.**

6.      State when plaintiff first saw the alleged condition.

**RESPONSE:  Improper demand as it is evidentiary in nature.**

7.      State whether plaintiff took any photographs of the alleged condition or of the area of the alleged incident and produce any such photographs.

**RESPONSE:  Annexed hereto as Exhibit "A" is a photograph of Plaintiff's shoe worn at the time of the accident.  Plaintiff is not in possession of any photographs of accident scene.**

8.      With reference to the allegations made of negligence, state and describe fully and in detail each and every act, omission, fault, or instance of negligence on the part of the defendants, its agents, officers or employees which the plaintiff claims caused or contributed to the incident.

**RESPONSE:  The aforesaid occurrence was caused solely and wholly by reason of the negligence of the defendants, by their agents, servants and/or employees in causing, allowing and permitting a dangerous and hazardous condition to exist at the aforementioned premises; in failing to take proper steps and measures to maintain the area of the floors in the aforementioned premises in a safe condition; in permitting, causing and allowing the area of the floors in and at the aforesaid premises to remain in a hazardous condition for an extended period of time; in causing and allowing the presence of slipping hazards to exist on the floors in and at the aforesaid premises for an extended period of time without giving proper warning thereof; in failing to maintain the aforementioned location; in failing to keep the aforementioned location clean and clear; in failing to inspect the aforementioned location; in improperly inspecting the premises; in failing to inspect the area of the floors in**

and at the premises; in causing, permitting an allowing the area of the floors to be in violation of the various rules, regulations, statutes, and codes of the State of New York; in failing to maintain the area of the floors at the premises despite actual and constructive notice of hazardous, dangerous and defective conditions thereon; in negligently and carelessly suffering and permitting the aforesaid dangerous, defective and trap-like condition to be, become and remain for an unreasonable period of time after Defendants had, or in the exercise of due and reasonable care should have had, due to notice thereof; in that Defendants knew or should have known that said dangerous, defective and trap-like condition existed for a long and unreasonable period of time, and in doing nothing to remedy same; in causing and creating a  dangerous and hazardous slipping hazard in and at the premises; in failing to give warning of notice of the aforementioned hazardous, dangerous and defective condition; in failing to place barricades, warnings, and signs at the aforesaid location; in failing to have sufficient personnel at the premises; in failing to properly clean and maintain the floors and premises; in that defendants were further negligent in that they created and maintained a nuisance under the circumstances; in failing to provide Plaintiff with a safe an unobstructed use of the aforementioned the area of the premises; in permitting, causing and allowing a slipping hazard to exist at the premises; in permitting, causing and allowing food and debris to collect and to accumulate on the aforesaid area of the floor of the premises and creating a hazardous and slippery condition; in failing to hire adequate and competent agents, servants and/or employees; in failing to properly train and supervise its agents, servants and/or employees; in otherwise being negligent, careless and reckless in the ownership, operation, maintenance and control of the premises, all without negligence on the part of the plaintiff.  Plaintiff will also rely on the doctrine of res ipsa

loquitor.

9.     State whether it is claimed that defendants violated any rule, regulation, ordinance, code or statute and, if so, identify each and every such rule, regulation, ordinance, and/or statute.

**RESPONSE:   Defendants violated/failed to comply with all statutes, rules, regulations, and ordinances which this court will take Judicial Notice of at the time of trial.**

10.     Identify any Costco personnel that plaintiff spoke with after the incident.

**RESPONSE:   at this time, the plaintiff is unaware of the identity of any Costco personnel witnesses at this time.  To be supplemented if necessary.**

11.     State the length of time the plaintiff was confined to bed and house, with dates of confinement.

**RESPONSE:  Plaintiff was confined to bed and to home for approximately two weeks as a result of the injuries sustained herein and intermittently from the date of the occurrence to the present date and expects to be so confined in the future.  To be supplemented if necessary.**

12.     State the length of time the plaintiff was confined to a hospital, with the names of the hospital and dates of admission and discharge.

**RESPONSE:  Plaintiff was confined to Mount Sinai Hospital of Queens on August 17, 2018.**

13.     State whether any claim for lost wages or income is claimed, by plaintiff, as a result of the incident complained of and if so, state the total amount of wages or income lost and/or such amount anticipated to be lost; the total time lost and the dates of such lost time; and provide a collateral source authorization to allow defendants to obtain plaintiff's employment files from her employer.

**RESPONSE:  Plaintiff claims damages for loss of earnings and earning capacity as a result of the defendants' negligence.  Plaintiff was employed as a building superintendent and earned approximately $436.00 per week prior to the subject accident.  Lost income is claimed in the amount of $60,000.00, as he was unable to perform her duties for approximately 2 ½  years, plus usual pay increases, fringe benefits and other court-authorized incremental increases.  To be supplemented if necessary.**

14.     State the length of time the plaintiff was totally disabled and/or partially disabled as a result of the occurrence complained of.

**RESPONSE:  Plaintiff was continuously and intermittently partially disabled from the date of the occurrence to the present.**

15.     State the total amount claimed as special damages for physician's services, medical supplies, lost earnings, x-rays, hospital expenses, nursing services and/or all other items of special damage.

**RESPONSE:   Plaintiff claims special damages for physician's services, medical supplies, X-rays, hospital expenses, nursing services and/or all other items of special damages in the amount of $225,000.00.  See response to interrogatory 13 for Plaintiff's lost wages claim.  To be supplemented if necessary.**

16.     At the time of the accident, did the plaintiff have any form of insurance coverage, including Medicaid or Medicare or U.S. Military benefits available which paid any part of the medical expenses or compensated plaintiff for the lost time from work or provided you any type of benefits, and if so, state the name and address of such company, the type of coverage involved, the amount paid by each insurer, whether a premium was paid for such coverage and the date of filing of any claim under such insurance coverage.

**RESPONSE:  Plaintiff's health insurance provider at the time of the accident was Fidelis Care.**

17.    State whether or not plaintiff received or is receiving any of the following benefits:

        a.    Social Security;

        b.    Supplemental Security Income (SSI);

        c.    Disability benefits;

        d.    Workers' Compensation benefits;

        e.    Social Security Benefits (food stamps, home relief, ADC, etc.);

        f.    Disability Pension benefits;

        g.    Medicare; and

        h.    Medicaid.

**RESPONSE:  (a-h)  Plaintiff is not a Social Security, SSI, disability benefits, Workers' Compensation benefits, Social Security Benefits, Disability Pension Benefits, Medicare, and / or Medicare recipient.**

18.    State whether actual or constructive notice is claimed on the part of this defendants of the allegedly hazardous or defective condition as stated in the Complaint, and

        a.    if actual notice is claimed, state when, where, and by whom said notice was given.

        b.    if constructive notice is claimed, state the facts plaintiff will claim that constitute such constructive notice and state how long the alleged condition will be claimed to have existed prior to the alleged occurrence.

**RESPONSE:   (a-b)   Plaintiff claims actual and constructive notice in that the aforesaid dangerous and defective condition was caused and created by the defendants, and**

**had upon information and belief, existed for a long period of time prior to the occurrence of this accident. The defendants in the exercise of due and reasonable care should have known of the dangerous and defective condition. The remainder information sought is presently in the possession of Defendants herein.**

19.    State the names and addresses of all of the following:

a.    All eyewitnesses to the accident;

b.    All eyewitnesses to the circumstances which preceded and/or led to the accident;

c.    All eyewitnesses to the condition or circumstances of the accident scene immediately before and/or after the accident;

d.    All notice witnesses.

**RESPONSE: (a) Tamara Aroutian, 3240 46th Street, Apt. 4F, Astoria, New York 11103. (b-d). To be supplemented if necessary.**

20.    State the names and addresses of all witnesses whom the plaintiff intends to call at trial to prove:

a.    the liability of the defendants;

b.    the damages to the plaintiff;

c.    any medical treatment rendered to plaintiff.

**RESPONSE: (a) Tamara Aroutian, 3240 46th Street, Apt. 4F, Astoria, New York 11103. (b) Plaintiff has yet to retain an expert to testify on behalf of Plaintiff's damages but will do so pursuant to the mandates of the Court and Federal Rules of Civil Procedure. To be supplemented if necessary.**

21.     List each and every injury claimed to have been suffered by plaintiff as a result of the incident and as to each such injury state whether any claim of permanency is being made.

**RESPONSE:  Plaintiff claims the following injuries as a result of the occurrence:**

<u>Lumbar Spine:</u>

- **Broad-based right foraminal disc herniation at L3/L4 resulting in right neural foraminal stenosis with facet hypertrophy; broad-based right foraminal disc herniation at L4/L5 impinging upon the thecal sac resulting in right neural foraminal stenosis with facet hypertrophy;**

- **Pain exacerbated with forward bending and periods of standing and ambulation;**

- **Loss of normal lordosis in the lumbar spine with pain radiating into the bilateral lower extremities;**

- **Limited range of motion accompanied with pain, swelling and tenderness;**

- **Loss of muscle strength;**

- **Post-traumatic arthritis;**

- **Necessity for future surgery;**

- **as a result of the foregoing, the plaintiff suffers from severe pain, swelling and tenderness of the lumbar spine, resulting in loss of strength, loss of function, loss of motion, restriction of movement, all with involvement of the surrounding soft tissue, nerve endings, blood vessels, muscles, tendons and ligaments with resulting pain, deformity and disability.**

<u>Cervical Spine:</u>

- **Disc bulging at C4/C5 with anterior thecal sac impingement; left posterolateral herniation at C5/C6 with anterior impingement and left lateral recess and left foraminal impingement; and right paracentral herniation at C6/C7 with impingement upon the right side of the thecal sac and right lateral recess impingement with left posterolateral herniation resulting in left foraminal impingement;**

  **Limited range of motion accompanied with pain, swelling and tenderness;**

  **Loss of muscle strength;**

**Post-traumatic arthritis;**

**Necessity for future surgery;**

**as a result of the foregoing, the plaintiff suffers from severe pain, swelling and tenderness of the cervical spine, resulting in loss of strength, loss of function, loss of motion, restriction of movement, all with involvement of the surrounding soft tissue, nerve endings, blood vessels, muscles, tendons and ligaments with resulting pain, deformity and disability.**

## Left Knee:

- **Complex tearing of the posterior horn extending to the central root and contiguous with a parameniscal cyst along the posteromedial joint line and extrusion of the medial meniscus off the tibial plateau; osteochondral injuries with subchondral marrow edema at the patella apex and trochlear groove;**

- **Complex tear of the medial meniscus;**

- **Pain exacerbated with stair climbing, kneeling, squatting periods of ambulation;**

- **Limited range of motion accompanied with pain, swelling and tenderness;**

- **Loss of muscle strength;**

- **Post-traumatic arthritis;**

- **Necessity for future surgery;**

  **as a result of the foregoing, the plaintiff suffers from severe pain, swelling and tenderness of left knee, resulting in loss of strength, loss of function, loss of motion, restriction of movement, all with involvement of the surrounding soft tissue, nerve endings, blood vessels, muscles, tendons and ligaments with resulting pain, deformity and disability.**

## Right Knee:

- **Flap tearing of the posterior horn communicating with the inferior meniscal surface and contiguous with a septated parameniscal cyst extending above the joint line posteromedially, with extrusion of the medial meniscus off the tibial plateau, and of 3 .1 cm ganglion posterior margin PCL;**

- **Complex tear of the medial meniscus;**

- **Pain exacerbated with stair climbing, kneeling, squatting periods of ambulation;**

- **Limited range of motion accompanied with pain, swelling and tenderness;**

- **Loss of muscle strength;**

- **Post-traumatic arthritis;**

- **Necessity for future surgery;**

  **as a result of the foregoing, the plaintiff suffers from severe pain, swelling and tenderness of right knee, resulting in loss of strength, loss of function, loss of motion, restriction of movement, all with involvement of the surrounding soft tissue, nerve endings, blood vessels, muscles, tendons and ligaments with resulting pain, deformity and disability.**

**<u>Right Foot:</u>**

- **pain in right heel on palpation to medial tubercle of right calcaneus that radiates to back of the calf with onset at time of occurrence and worsening with time thereafter;**

- **diagnosis in December 2018 of plantar fascilitis, rule out calcaneal spurring in the right foot;**

- **plaintiff was prescribed a night splint for her right heel/foot and various assistive devices;**

- **Limited range of motion accompanied with pain, swelling and tenderness;**

- **Loss of muscle strength;**

- **Post-traumatic arthritis;**

- **Necessity for future surgery;**

  **as a result of the foregoing, the plaintiff suffers from severe pain, swelling and tenderness of right foot, resulting in loss of strength, loss of function, loss of motion, restriction of movement, all with involvement of the surrounding soft tissue, nerve endings, blood vessels, muscles, tendons and ligaments with resulting pain, deformity and disability.**

**As a result of the accident and the injuries herein sustained, Plaintiff suffered a severe shock to the nervous system.  The foregoing injuries impaired the general health of Plaintiff. Plaintiff will permanently suffer from the aforesaid injuries and from the effects upon the**

nervous system and will limit her activities in her life.  Plaintiff will be restricted in her normal life and will permanently require medical and neurological care and attention.

Plaintiff's injuries as set forth herein have and will continue to diminish and prevent Plaintiff's ability to appreciate and enjoy all daily activity, including but not limited to social interaction, sports and recreation, family and romantic relationships, and all aspects of Plaintiff's appreciation and enjoyment of life have been permanently and substantially impaired, reduced, and diminished.

Plaintiff suffered, still suffers, and upon information and belief, will continue to suffer pain, discomfort, and limited movement of the injured portions of the body, including the adjacent and surrounding muscles, tendons, nerves, joints, fascia, vessels, and soft tissues, to the extent Defendants claim any injuries sustained by Plaintiff were caused by pre-existing conditions and/or degenerative conditions, Plaintiff alleges that any so claimed pre-existing and/or degenerative conditions were latent, inactive, and dormant and were exacerbated, activated, and/or aggravated by the acts and omissions of the defendants giving rise to the accident and injuries set forth herein.

Plaintiff reserves the right to prove any and all further consequences and sequelae, and any and all medical expenses up to and at the time of trial.  Plaintiff claims permanent loss of use and function of the affected areas as well as chronic and continual pain and restriction and limitation of ranges of motion.  Plaintiff is unable to engage in those usual and customary daily recreational activities that were pursued prior to the occurrence. Plaintiff suffers severe emotional distress, manifested by fears, anxieties, restlessness, sleeplessness, irritability and depression.  All of the aforesaid is claimed to be permanent in nature.

Plaintiff reserves the right to supplement this response up to and including at the time of trial.

Dated: New York, New York
June 25, 2021

Yours, etc.

_____
Philip V. Aiello
McMANUS ATESHOGLOU
AIELLO & APOSTOLAKOS PLLC
Of Counsel to
ARGYROPOULOS & ASSOCIATES LLC
Attorneys for Plaintiff
FOUZIA JADA
48 Wall Street, 25th Floor
New York, New York 10005
Phone: (212) 425-3100
Fax: (212) 425-3175
Email: paiello@maaalaw.com

TO:

Michael J. Crowley, Esq.
Samuel P. Quatromoni, Esq.
CONNELL FOLEY LLP
Attorneys for the Defendants
COSTCO WHOLESALE CORPORATION
and MBA – VERNON BOULEVARD, LLC
888 Seventh Avenue, 9th Floor
New York, New York 10106
(212) 307-3700
Email: mcrowley@connellfoley.com
Email: squatromoni@connellfoley.com

# EXHIBIT "A"

