# Exhibit L

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FOUZIA JADA,

Plaintiff,

-against-

COSTCO WHOLESALE CORPORATION and
MBA – VERNON BOULEVARD, LLC,

Defendants.

---

Docket No.: 21-CV-194 (MKB)(JRC)

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, Costco Wholesale Corporation ("Costco") and MBA – Vernon Boulevard, LLC (hereinafter collectively, "Defendants"), by their attorneys, Connell Foley LLP, as and for their Response to Plaintiff's First Set of Interrogatories and Request for Documents, state the following:

## GENERAL OBJECTIONS

1.      Defendant objects to each and every request to the extent that it is not limited to material in the possession, custody or control of the Defendants.  Defendants object to each and every request to the extent that it seeks documents and materials regarding matters equally accessible to Plaintiff and/or more readily accessible to Plaintiff than to Defendants.

2.      Defendants object to each and every request as overly broad and unduly burdensome to the extent Plaintiff seeks material for time periods not at issue in this litigation.

3.      Defendants object to each and every request to the extent that it seeks to impose obligations beyond those of the Federal Rules of Civil Procedure, and the applicable case law.

4.      Defendants object to each and every request to the extent that it is vague, ambiguous, overly broad and unduly burdensome.

5911348-1

5.      Defendants object to each and every request to the extent that it seeks material that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendants object to each and every request generally on the grounds that it calls for the disclosure of information and/or production of documents that, if disclosed, would constitute an unwarranted invasion of personal privacy of their employees and/or third parties.

7.      Defendants object to each and every request generally on the grounds that it calls for the disclosure of information and/or production of documents that were prepared or acquired for, or in anticipation of, litigation, that constitute attorney work product, that are protected from disclosure under the self-critical analysis, that disclose the mental impressions, conclusions, opinions or legal theories of Defendants' attorneys, that contain privileged attorney-client communications, or that are otherwise protected from disclosure.

8.      Defendants object to each and every request to the extent that it is vague, unintelligible, and/or insufficiently specific, and that it uses undefined terms capable of more than one interpretation or which require Defendants to speculate as to the specific documentation and/or information demanded by Plaintiff.

9.      Defendants object to Plaintiff's requests to the extent that they assume facts not established and Defendants' production of any documents or responses does not imply their agreement with any such assumptions.

10.      Defendants object to Plaintiff's requests to the extent that they seek confidential, proprietary, and/or trade secret information, without an appropriate protective order in place.

11.      Defendants incorporate these general objections in response to each of Plaintiff's requests.

-2-

5911348-1

12.     Defendants reserve the right to amend and/or supplement its responses at a later date as discovery remains ongoing.  These supplemental responses may include additional objections and/or specific assertions of the attorney-client, work product, self-critical analysis and/or other doctrines and/or privileges.

### RESPONSES TO PLAINTIFF'S INTERROGATORIES

1.      Identify all persons who witnessed, were present at, or have knowledge of the Accident, including the home and business address and telephone numbers of each witness. If you are unable to identify any of the individuals within the meaning of Local Rule 26.3, describe that individual's physical appearance.

**RESPONSE: Subject to and without waiving the General Objections stated above, Defendants specifically object to this request to the extent that it is vague, ambiguous, overly broad, insufficiently specific, not proportional to the needs of the case, and uses undefined terms capable of more than one interpretation or which requires Costco to speculate as to the specific information demanded.  Without waiver of the foregoing objections, other than plaintiff and Tamara Aroutian who has been identified as a witness by plaintiff, Defendants are not aware of: any witnesses to the alleged incident involving plaintiff on August 16, 2018 ("alleged incident") or individuals that have knowledge of the alleged incident.  Defendants do not know what is meant by "any persons present at the alleged incident."**

2.      Identify any and all statements, signed or unsigned, recorded electronically or otherwise, prepared by or in the possession of the Defendants, or their agents, servants and/or employees, that relate to the claims and/or subject matter of this litigation.

**RESPONSE: Subject to and without waiving the General Objections stated above, Defendants specifically object to this request to the extent that it is vague, ambiguous, overly broad, insufficiently specific, not proportional to the needs of the case, uses undefined terms capable of more than one interpretation or which require Defendants to speculate as to the specific information demanded, seeks information and materials protected by the attorney-client privilege, and seeks attorney work product.  Without waiver, Defendants are in possession of statements executed by plaintiff (attached as Exhibit "A") and Tamara Aroutian (attached as Exhibit "B"), both sworn to on September 28, 2018.**

-3-

5911348-1

3.      Identify any and all contracts in effect between the Defendants, or their agents,

servants and/or employees, that relate to the claims and/or subject matter of this litigation.

**RESPONSE: Subject to and without waiving the General Objections stated above, Defendants specifically object to this request to the extent that it is vague, ambiguous, overly broad, insufficiently specific, not proportional to the needs of the case, uses undefined terms capable of more than one interpretation or which require Defendants to speculate as to the specific information demanded.  Without waiver, to the extent this Interrogatory pertains to the lease agreement for the subject property, a copy of the Ground Lease between Costco Wholesale Corporation and Manhasset Bay Associates is attached as Exhibit "C," and bates stamped COSTCO/MBA 0001-0102.**

4.      Identify any and all employees working at or near the cashier lanes located at 32-

50 Vernon Boulevard, Long Island City, New York at the time of the Accident.

**RESPONSE: Subject to and without waiving the General Objections stated above, Defendants specifically object to this request to the extent that it is vague, ambiguous, overly broad, insufficiently specific, not proportional to the needs of the case, and uses undefined terms capable of more than one interpretation or which require Defendants to speculate as to the specific information demanded.  Without waiver, there were no employees of MBA – Vernon Boulevard, LLC, at the Costco Warehouse located at 32-50 Vernon Boulevard, Long Island City, New York, on the date of the alleged accident. Without waiver, Costco has not identified any employees that witnessed or have knowledge of the alleged accident.**

5.      Identify if any surveillance footage, photographs and/or video recordings exist

which depicts the Accident.

**RESPONSE: Defendants are not in possession or aware of any surveillance footage, photographs or video records of the alleged incident.**

6.      Identify each lawsuit to which Defendants have been a party, including the court

in which the matter was pending, the docket or index number, and the disposition of the matter.

**RESPONSE: Subject to and without waiving the General Objections stated above, Defendants specifically object to this request to the extent that it is vague, ambiguous, overly broad, insufficiently specific, and not proportional to the needs of the case.  Further, the demand is improper and seeks irrelevant information.**

-4-

7.      Identify each occasion in which Defendants have given testimony or statements regarding the subject matter of this lawsuit.

**RESPONSE: Subject to and without waiving the General Objections stated above, Defendants specifically object to this request to the extent that it is vague, ambiguous, overly broad, insufficiently specific, not proportional to the needs of the case, uses undefined terms capable of more than one interpretation or which require Defendants to speculate as to the specific information demanded, seeks information and materials protected by the attorney-client privilege, and seeks attorney work product.**

8.      Identify all experts that Defendants expect to call at the time of trial, all correspondence between counsel for Defendants and any such experts, any notes taken by any such experts and provide all disclosures required pursuant to Federal Rule 26(a)(2).

**RESPONSE: Subject to and without waiving the General Objections stated above, Defendants specifically object to this request as it is vague, ambiguous, overly broad. Without waiver, Defendants have not yet retained any expert witnesses.   Should Defendants retain any expert witness, such disclosure shall be made pursuant to the Federal Rule 26(a)(2).**

9.      Identify all documents prepared by Defendants, or any other person, that relate to the Accident, claims and subject matter of this litigation.

**RESPONSE: Subject to and without waiving the General Objections stated above, Defendants specifically object to this request to the extent that it is vague, ambiguous, overly broad, insufficiently specific, not proportional to the needs of the case, uses undefined terms capable of more than one interpretation or which require Defendants to speculate as to the specific information demanded, seeks information and materials protected by the attorney-client privilege, and seeks attorney work product.**

10.     Identify the name, address, policy number and total insurance coverage, including excess and umbrella insurance covering the Defendants hereto in effect at the time of the Accident.

**RESPONSE: Subject to and without waiving the General Objections stated above, Defendants specifically object to this request to the extent that it is overly broad and unduly burdensome, and seeks documents which would require the disclosure of confidential or other proprietary data without an appropriate protective order.  Subject to and without waiving all the aforesaid objections, Costco is self-insured in an amount**

5911348-1

**sufficient to cover Plaintiff's claimed damages and has insurance coverage provided by excess carriers as well.  MBA – Vernon Boulevard, LLC is being indemnified by Costco.**

11.     Provide the name and address of the management company for the subject premises on the date of the Accident.

**RESPONSE: Subject to and without waiving the General Objections stated above, Defendants specifically object to this request as it is vague, ambiguous, overly broad, not limited to a particular time period, insufficiently specific, seeks information and materials protected by the attorney-client privilege, seeks attorney work product, and uses undefined terms capable of more than one interpretation or which require Defendants to speculate as to the specific information demanded.  Without waiver, to the extent this interrogatory seeks information regarding a property management company, there is no property management company.**

12.     Provide the name and address of any and all parties performing maintenance on the premises.

**RESPONSE:  Subject to and without waiving the General Objections stated above, Costco specifically objects to this request as it is vague, ambiguous, overly broad, not limited to a particular time period, insufficiently specific, seeks information and materials protected by the attorney-client privilege, seeks attorney work product, and uses undefined terms capable of more than one interpretation or which requires Costco to speculate as to the specific information demanded.**

### RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS

13.     Copies of any and all statements, signed or unsigned, recorded electronically or otherwise, prepared by the Defendants, or their agents, servants and/or employees, that relate to the Accident, claims and/or subject matter of this litigation

**RESPONSE: See Response to Interrogatory no. 2.**

14.     Copies of any and all contracts in effect between the Defendants, or their agents, servants and/or employees, that relate to the claims and/or subject matter of this litigation.

**RESPONSE: Subject to and without waiving the General Objections stated above, Defendants specifically object to this request to the extent that it is vague, ambiguous, overly broad, insufficiently specific, not proportional to the needs of the case, and uses undefined terms capable of more than one interpretation or which require Defendants to speculate as to the specific information demanded.**

5911348-1

15.    A copy of a list of all employees working at the subject premises at the time of the Accident.

**RESPONSE: Subject to and without waiving the General Objections stated above, Defendants specifically objects to this request to the extent that it is overly broad, burdensome, and not proportional to the needs of the case.  Without waiver, <u>see</u> Response to Interrogatory no. 4.**

16.    A copy of any surveillance footage, photograph and/or video recordings that depicts the Accident.

**<u>RESPONSE</u>: None.**

17.    Copies of any employee handbook regarding the proper procedure of cleaning any spills, in effect at the time of the Accident.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections stated above, Costco specifically objects to this request to the extent that it is overly broad, insufficiently specific, and not proportional to the needs of the case, uses undefined terms capable of more than one interpretation or which requires Costco to speculate as to the specific information demanded.  Without waiver, a portion of the Employee Agreement is attached hereto as Exhibit "D" and bates stamped COSTCO/MBA 0103-0109.**

18.    Copies of any and all accident reports that relate to the claims and/or subject matter of this litigation.

**<u>RESPONSE</u>: Subject to and without waiving the General Objections stated above, Costco specifically objects to this request to the extent that it is vague, ambiguous, overly broad, insufficiently specific, not proportional to the needs of the case, uses undefined terms capable of more than one interpretation or which requires Costco to speculate as to the specific information demanded, seeks information and materials protected by the attorney-client privilege, and seeks attorney work product.  Without waiver, Defendants exchanged a copy of the Member First Incident Report as Exhibit A to Defendants' Rule 26(a)(1) Disclosure.**

19.    A copy of the insurance policies of the Defendants in effect at the time of the subject matter of this litigation.

**<u>RESPONSE</u>:  Subject to and without waiving the General Objections stated above, Defendants specifically object to this request to the extent that it is overly broad and unduly burdensome, and seeks documents which would require the disclosure of confidential or other proprietary data without an appropriate protective order.  Subject to**

5911348-1

**and without waiving all the aforesaid objections, Costco is self-insured in an amount sufficient to cover Plaintiff's claimed damages and has insurance coverage provided by excess carriers as well.  MBA – Vernon Boulevard, LLC is being indemnified by Costco.**

20.    Copies of any and all contracts / agreements between Defendants and the aforesaid companies for cleaning and / or maintenance performed at the subject premises in effect on the date of the Accident.

**RESPONSE: None.**

21.    A copy of the lease / rental agreement between the Defendants and owner of the subject premises in effect on the date of the Accident.

**RESPONSE: <u>See</u> Response to Interrogatory no. 3.**

PLEASE TAKE FURTHER NOTICE, that Costco reserves its rights to supplement and/or amend these responses up to an including at the time of trial.

Dated: New York, New York
      August 9, 2021

CONNELL FOLEY LLP

MICHAEL J. CROWLEY
SAMUEL P. QUATROMONI
Attorneys for the Defendants
COSTCO WHOLESALE CORPORATION
and MBA – VERNON BOULEVARD, LLC
888 Seventh Avenue, 9th Floor
New York, New York 10106
(212) 307-3700

TO VIA E-MAIL:

Philip Aiello
McManus Ateshoglu Aiello & Apostolakos PLLC
Attorneys for Plaintiff
48 Wall Street, 25th Floor
New York, New York 10005
(212) 425-3100
paiello@maaalaw.com

5911348-1

## VERIFICATION

STATE OF NEW JERSEY          )
                             ) ss.:
COUNTY OF MERCER             )

I state under penalty of perjury that the foregoing responses to interrogatories on behalf of MBA – Vernon Boulevard, LLC are true and correct. I, Richard Thypin am a designated representative of MBA – Vernon Boulevard, LLC and am an authorized agent for the purposes of executing this document on behalf of MBA – Vernon Boulevard, LLC.  I do not have personal knowledge of all the matters set forth herein in response to interrogatories; statements made herein were prepared by counsel based upon information supplied by MBA – Vernon Boulevard, LLC, or other persons who were consulted; and that MBA – Vernon Boulevard, LLC believes such statements are true and correct.

Executed on ___10|21|21___

_____
RICHARD THYPIN


Sworn to before me on this
21st day of October, 2021

_____
Notary Public

TANUJA N SHAH
Commission # 2341816
Notary Public, State of New Jersey
My Commission Expires
March 16, 2026

## CERTIFICATE OF CONFORMITY

STATE OF NEW JERSEY )
                                  )ss.

COUNTY OF MERCER )

I, _Tanuja Shah_, a notary public licensed in the State of New Jersey, affirm under penalty of perjury that I witnessed the signature of Richard Thypin as applied to the Verification annexed to this Certificate, which was signed and dated on _10|21|2021_. The manner in which same was signed was, and is, in accordance with, and conforms to, the laws for taking oaths and acknowledgments in the State of New Jersey.

Dated: _10|21|2021_

_____
Notary Public

TANUJA N SHAH
Commission # 2341816
Notary Public, State of New Jersey
My Commission Expires
March 16, 2026

2

## VERIFICATION

STATE OF WASHINGTON            )

                                  ) ss.:

COUNTY OF KING                )

I state under penalty of perjury that the foregoing responses to interrogatories on behalf of Costco Wholesale Corporation ("Costco") are true and correct. I, Leigh Ann Ruijters, employed by Costco as a Complex Claims Specialist, am an authorized agent for the purposes of executing this document on behalf of Costco. I do not have personal knowledge of all the matters set forth herein in response to interrogatories; statements made herein were prepared by counsel based upon information supplied by employees of Costco, or other persons who were consulted; and that Costco believes such statements are true and correct.

Executed on _Septimbr 8, 2021_

_LeighAnn Ruijt_

                                      LEIGH ANN RUIJTERS

Sworn to before me on this
8th day of May, 2021
           September

Notary Public

