UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

FOUZIA JADA,

                          Plaintiff,                Docket No.: 1:21-cv-00194-MKB-JRC

       -against-

COSTCO WHOLESALE CORPORATION and
MBA - VERNON BOULEVARD, LLC,

                          Defendants.

-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**CONNELL FOLEY LLP**
*Attorneys for Defendants*
**COSTCO WHOLESALE CORPORATION
and MBA – VERNON BOULEVARD, LLC**
875 Third Avenue, 21st Floor
New York, New York 10022
(212) 307-3700

*On the Brief*:
Michael J. Crowley. Esq.
Samuel P. Quatromoni, Esq.

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT**.................................................................................. 1

**PROCEDURAL HISTORY**....................................................................................... 1

**STATEMENT OF FACTS**........................................................................................ 2

**LEGAL ARGUMENT**.............................................................................................. 6

POINT I   THE SUBSTANTIVE LAW OF NEW YORK IS CONTROLLING...... 6

POINT II   SUMMARY JUDGMENT STANDARD.............................................. 7

POINT III   THE AMENDED VERIFIED COMPLAINT MUST BE DISMISSED
BECAUSE THERE IS NO EVIDENCE THAT DEFENDANTS
CREATE OR HAD NOTICE OF THE ALLEGED CONDITION......... 9

    A.   There Is No Evidence That Defendants Created the Alleged
Condition.................................................................................... 9

    B.   There is No Evidence that Defendants Had Actual Notice of the
Alleged Condition...................................................................... 10

    C.   There is No Evidence That Defendants Had Constructive Notice of the
Alleged Condition...................................................................... 10

POINT IV   THE COMPLAINT MUST BE DISMISSED AGAINST MBA-
VERNON BOULEVARD LLC BECAUSE IT IS AN OUT-OF-
POSSESSION LANDLORD.................................................... 14

POINT V   IPSA LOQUITUR IS NOT APPLICABLE TO THE CASE.................. 15

**CONCLUSION**......................................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**

ABB Indus. Sys. v. Prime Tech., 120 F.3d 351(2d Cir. 1997) ...................................................... 9

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ................................................................. 8

Anderson v. Skidmore Coll., 941 N.Y.S.2d 787 (3d Dep't 2012) .............................................. 16

Bluman v. Freeport Union Free Sch. Dist., 722 N.Y.S.2d 527 (2d Dep't 2004) ......................... 11

Brady v. Town of Colchester, 863 F.2d 205 (2d Cir. 1988) ......................................................... 7

Bykofsky v. Waldbaum's Supermarkets, 619 N.Y.S.2d 760 (2d Dep't 1994) ....................... 11, 13

Cameron v. H.C. Bohack Co., 280 N.Y.S.2d 483 (2d Dep't 1967) ............................................. 16

Casiano v. Target Stores,
   2009 U.S. Dist. LEXIS 92211, 2009 WL 3246836 (E.D.N.Y. Sept. 24, 2009) ...................... 11

Celotex Corp. v. Catrett, 477 U.S. 317, 324-326 (1986). ......................................................... 7, 8

Cifarelli v. Town of Babylon, 93 F.3d 47 (2d Cir. 1996) ............................................................. 8

CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP, 735 F.3d 114 (2d Cir. 2013) .................... 9

Coale v. Metro-N. R.R. Co., 34 F. Supp. 3d 206 (D. Conn. 2014) ............................................. 16

Cordiano v. Metacon Gun Club, Inc., 575 F.3d 199 (2d Cir. 2009) ............................................ 9

Cuddy v. Waldbaum, 646 N.Y.S.2d 51 (2d Dep't 1996) ......................................................... 11, 12

DeAngelis v. Am. Airlines, Inc.,
   2010 U.S. Dist. LEXIS 33404, 2010 WL 1292349 (E.D.N.Y. Mar. 31, 2010) ...................... 11

Del Carmen Cuque v. Amin, 4 N.Y.S.3d 428 (4th Dep't 2015) .................................................. 15

Ellison v. Stop & Shop Supermarket Co. LLC,
   2022 U.S. Dist. LEXIS 166109, 2022 WL 4238266 (E.D.N.Y Sept. 14, 2022) ...................... 9

Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) .......................................................................... 6

Faricell v. TSS Seedman's, Inc., 94 N.Y.2d 772 (1999) ............................................................. 11

Giantomaso v. T. Weiss Realty Corp., 37 N.Y.S.3d 313 (2d Dep't 2016) ................................... 15

Gogos v. Modell's Sporting Goods, Inc.,
  2009 N.Y. Slip Op 33035(U) (Sup. Ct. N.Y. Cty,  Nov. 18, 2009)........................................ 12

Gonzalez v. Wal-Mart Stores, Inc., 299 F.Supp.2d 188 (S.D.N.Y. 2004)..................................... 9

Gordon v. American Museum of Natural History, 67 N.Y.2d 836 (1986)............................... 6, 11

Hartley v. Waldbaum, Inc., 893 N.Y.S.2d 272 (2d Dept. 2010) ............................................... 6, 11

Haskin v. United States,
  2015 U.S. Dist. LEXIS 84762, 2015 WL 3971730 (E.D.N.Y. June 30, 2015) ........................ 14

In re Lyman Good Dietary Supplements Litig.,
  2020 US Dist. LEXIS 109318, 2020 WL 3414927 (S.D.N.Y. June 22, 2020) ......................... 9

Kerzer v. Kingly Mfg., 156 F.3d 396 (2d Cir. 1998)...................................................................... 8

Lacey v. Target Corp.,
  2015 U.S. Dist. LEXIS 62643, 2015 WL 2254968 (E.D.N.Y. May 13, 2015) ........................ 11

Lionel v. Target Corp., 44 F.Supp.3d 315 (E.D.N.Y. Sept. 12, 2014) ......................................... 11

Lunja v. Regal Cinema at Atlas Park,
  2022 U.S. Dist. LEXIS 66119, 2022 WL 1038034 (E.D.N.Y. Feb. 9, 2022) .......................... 16

MacKinney v. Burger King Corp.,
  2006 U.S. Dist. LEXIS 87515, 2006 WL 3501142 (E.D.N.Y. Nov. 13, 2012)........................ 12

Molina v. United States,
  2015 U.S. Dist. LEXIS 92690, 2015 WL 4394045 (E.D.N.Y. July 16, 2015)......................... 16

Nussbaum v. Metro-N. Commuter R.R., 603 F. App'x 10 (2d Cir. 2015) ................................... 10

Painchault v. Target Corp.,
  2011 U.S. Dist. LEXIS 103496, 2011 WL 4344150 (E.D.N.Y. Sept. 14, 2011) ................. 8, 11

Pappas v. Philip Morris, Inc., 915 F.3d 889 (2d Cir. 2019).......................................................... 6

Perez v. NYC Housing Auth., 906 N.Y.S.2d 299 (2d Dep't 2010)................................................ 6

Porter v. Quarantillo, 722 F.3d 94 (2d Cir. 2013)......................................................................... 9

Quarles v. Columbia Sussex Corp., 997 F.Supp. 327 (E.D.N.Y. Mar. 9, 1998) ......................... 10

Repetto v. Alblan Realty Corp., 948 N.Y.S.2d 655 (2d Dep't 2012) ........................................... 14

Richardson v. Yasuda Bank and Trust Co., 772 N.Y.S.2d 595 (2d Dep't 2004) ......................... 14

Rodriguez v. White Plains Pub. Schools, 826 N.Y.S.2d 425 (2d Dept. 2006) ............................... 6

Rojas v. Supermarkets Gen. Corp., 656 N.Y.S.2d 346 (2d Dep't 1997) ...................................... 12

Sapp v. S.J.C. Lenox Ave. Familty Ltd Partnership, 56 N.Y.S.3d 32 (1st Dep't 2017) ............... 14

Solomon v. City of New York, 66 N.Y.2d 1026 (1985) ................................................................. 6

Strass v. Costco Wholesale Corp.,
    2016 U.S. Dist. LEXIS 79340, 2016 WL 3448578 (E.D.N.Y. June 17, 2016) ............. 7, 10, 11

Strowman v. A&P, 675 N.Y.S.2d 82 (1st Dep't 1998) ..................................................... 11, 12, 13

Tenay v. Culinary Teachers Ass'n of Hyde Park, 281 Fed. Appx. 11 (2d Cir. 2008) ................ 7, 8

Williams v. Matrix Fin. Servs. Corp., 158 F. App'x 301 (2d Cir. 2005) ..................................... 14

Yates v. Costco Wholesale Corp.,
    2021 U.S. Dist. LEXIS 261060, 2021 WL 9409159 (E.D.N.Y. June 30, 2021) .................... 6, 7

**Rules**

Fed. R. Civ. P. 56(c) ............................................................................................................... 6, 13

Fed. R. Civ. P. 56(c)(2) ............................................................................................................... 13

Fed. R. Civ. P. 56(e) ................................................................................................................... 13

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted in support the motion by Costco Wholesale Corporation ("Costco") and MBA – Vernon Boulevard, LLC ("MBA") (collectively, "Defendants") for an Order, pursuant to Federal Rule of Civil Procedure 56, dismissing Plaintiff's Amended Verified Complaint in its entirety and granting summary judgment in favor of Defendants. Defendants submit that the admissible evidence and testimony is insufficient to establish the requisite elements of Plaintiff's negligence claim. In particular, there is no evidence that Defendants created the alleged dangerous condition, consisting of blueberries on the floor of the Costco warehouse.  Furthermore, there is no evidence that Defendants had actual or constructive notice of the alleged condition, as no witness saw blueberries on the floor before the accident and there is no non-speculative evidence as to how the berries got onto the floor or for how long they were there.  Additionally, MBA is an out-of-possession landlord that did not retain control or maintenance/repair responsibilities relating to the subject property, and no action based upon negligence is viable as MBA had no duty to plaintiff. Accordingly, as there is no genuine issue of material fact requiring determination at the time of trial and summary judgment is warranted.

## PROCEDURAL HISTORY

Plaintiff commenced this action in the Supreme Court of the State of New York, County of Kings, by filing a Verified Complaint on September 16, 2020.  A copy of Plaintiff's Summons and Verified Complaint is attached to the Declaration of Michael J. Crowley, Esq., dated September 23, 2022 (hereinafter, the "Crowley Dec.") at Ex. A[1].  Issue was joined by service of

---

[1] All references to Exhibits are to the Exhibits annexed to the Declaration of Michael J. Crowley, Esq., dated September 23, 2022, unless otherwise noted.

Defendants' Verified Answer to the Verified Complaint on November 19, 2020. A copy of Defendants' Verified Answer is attached at Ex. B. Plaintiff filed a Supplemental Summons and Amended Verified Complaint on December 11, 2020. Copies are attached at Ex. C. Defendants filed a Verified Answer to the Amended Verified Complaint. A copy is attached at Ex. D. The case was removed to this Court by Defendants based upon diversity jurisdiction on January 13, 2021. A copy of Defendants' Notice of Removal, without attachments, is attached at Ex. E. Fact discovery has been completed. Defendants previously filed a Motion for Pre-Motion conference on September 2, 2021, for a motion to dismiss the Amended Verified Complaint against MBA on the basis that it is an out-of-possession landlord. The Motion for Pre-Motion Conference was denied without prejudice. Copies of the Motion for Pre-Motion Conference and the Minute Entry by Hon. Margo K. Brodie denying the motion without prejudice are attached at Ex. F to the Crowley Dec. Defendants are proceeding with this motion upon the schedule established by the Court.

**STATEMENT OF FACTS**

This action concerns an alleged slip-and-fall on August 16, 2018, at the Costco located at 3250 Vernon Boulevard, Long Island City, New York. See Amended Verified Complaint, Ex. C, ¶ 21; Pl. Dep. Tr., Ex. H, 22:23-25, 29:13-22, 25:13-18, 26:2-5. Plaintiff was shopping at Costco with her friend, the non-party witness Tamara Aroutyan, when at approximately 7:20 p.m. she allegedly slipped on blueberries on the floor near to the cashiers. Pl. Resp. to First Set of Interrogatories, Ex. G, ¶¶ 2-4; Pl. Dep. Tr., Ex. H, pp. 22:23-25, 25:13-18, 26:2-5, 29:13-22, 41:14-16; Aroutyan Dep. Tr., Ex. I, pp. 6:11-24, 7:24-8:3, 12:12-17; Member First Report, Ex. O.

Plaintiff and Ms. Aroutyan had already reached the cashier before the alleged accident. Pl. Dep. Tr., Ex. H, pp. 28:7-29:5; Aroutyan Dep. Tr., Ex. I, pp. 10:10-20, 11:4-12:11. In order to get

to the cashier the first time, plaintiff and Ms. Aroutyan necessarily walked through or immediately adjacent to the area where the accident occurred minutes later. Pl. Dep. Tr., Ex. H, p. 30:9-24; Aroutyan Dep. Tr., Ex. I, pp. 10:10-20, 11:23-12:25, 13:17-21, 14:17-15:5. When plaintiff and Ms. Aroutyan approached the cashier the first time, they did not see any blueberries on the floor. Pl. Dep. Tr., Ex. H, p. 31:13-15; Aroutyan Dep. Tr., Ex. I, p. 16:23-17:9.

After they got to the cashier, plaintiff left to pick up additional danish and a roast chicken. Pl. Dep. Tr., Ex. H, pp. 28:7-15, 30:9-13.  The accident occurred while she was returning to the cashier with the additional items. Pl. Dep. Tr., Ex. H, pp. 28:17-29:5.

On Plaintiff's way back to the cashier and Ms. Aroutyan, her second time approaching the same cashier, she did not see blueberries on the floor. Pl. Dep. Tr., Ex. H, 32:2-6, 33:24-34:5. Indeed, she did not see any blueberries at any point before the accident. Pl. Dep. Tr., Ex. H, pp. 30:25-32:6, 33:24-34:5. Plaintiff fell when she was approximately two to three yards from the cashier, where many other customers were waiting in line. Aroutyan Dep. Tr., Ex. I, 13:25-14:10, 14:17-15:23, 32:2-5; Pl. Dep. Tr., Ex. H, 35:11-24.  Just before the she fell she was looking at Ms. Aroutyan. Pl. Dep. Tr., Ex. H, 34:12-16, 35:11-24.

Indeed, it is undisputed that neither Plaintiff nor Ms. Aroutyan saw any blueberries on the floor before the accident. Pl. Dep. Tr., Ex. H, pp. 30:25-32:6, 33:24-34:5; Aroutyan Dep. Tr., Ex. I, pp. 16:23-17:9, 17:21-18:6.  Plaintiff first saw blueberries on the floor after she had been helped up off of the floor. Pl. Dep. Tr., Ex. H, pp. 38:20-39:3.  Ms. Aroutyan saw blueberries on the floor at some point after the accident.  Aroutyan Dep. Tr., Ex. I, pp. 16:23-18:6.  The floor where the accident occurred is gray.  Costco 2021 Dep. Tr., Ex. J, pp. 48:25-49:5; Aroutyan Dep. Tr., Ex. I, pp 18:11-16.

Neither Plaintiff nor Ms. Aroutyan know how the blueberries involved in the alleged incident came to be on the floor or for how long they were on the floor before the incident. Pl. Dep. Tr., Ex. H, pp. 32:7-22, 33:24-34:5; Aroutyan Dep. Tr., Ex. I, pp. 16:23-18:6, 19:24-20:6.

There is no evidence in the record that Costco created the alleged dangerous condition or otherwise caused the blueberries to get onto the floor. Pl. Dep. Tr., Ex. H, p. 32:7-9; Aroutyan Dep. Tr., Ex. I, pp. 16:23-18:6, 20:4-6; see generally, Costco 2021 Dep. Tr., Ex. J, and Costco 2022 Dep. Tr., Ex. K.

MBA did not cause or create the alleged condition and there is no evidence in the record that it created the alleged dangerous condition or otherwise caused the blueberries to become located on the floor. Pl. Dep. Tr., Ex. H, pp. 32:7-9; Aroutyan Dep. Tr., Ex. I, pp. 16:23-18:6, 20:4-6; see generally, Costco 2021 Dep. Tr., Ex. J, Costco 2022 Dep. Tr., Ex. K.

In terms of Costco's maintenance routine, Costco regularly cleaned the front end of the warehouse, which includes the area where alleged incident occurred. Costco 2021 Dep. Tr., Ex. J, pp. 31:10-32:10, 32:21-25, 33:9-15; Costco 2022 Dep. Tr., Ex. K, 54:7-13. Any Costco employee can clean up a spill. Costco 2022 Dep. Tr., Ex. K, 17:10-23, 54:7-13. Additionally, floor-walks are done hourly by Costco Member Service personnel and include checking whether the floors are clean and clear. Costco 2021 Dep. Tr., Ex. J, p. 34:16-24; Costco 2022 Dep. Tr., Ex. K, pp. 38:6-39:5, 42:17-43:5; Thypin 2021 Aff., Ex. M, §§ 5-7. Floor-walks include the area near the cashiers. Costco 2022 Dep. Tr., Ex. K, pp. 39:17-21, 42:17-21. The floor-walk sheet from August 16, 2018, does not show any indication of blueberries on the floor prior to the accident. See Costco 2022 Dep. Tr., Ex. K, pp. 42:17-43:5, 48:14-49:2; Floor-Walk Sheet, Ex. P.

*Ground Lease and the Property*

MBA-Vernon Boulevard LLC owned the property at 3250 Vernon Boulevard, Long Island City, NY ("Property"), on the date of the incident, August 16, 2018.  Answer to Amended Complaint, Ex. D, ¶¶ 5, 7; Thypin 2021 Aff., Ex. M, ¶ 1, 3. As of August 16, 2018, Costco occupied the Property pursuant to a Ground Lease with MBA.  See Answer to Amended Complaint, Ex. D, ¶¶ 5-7; Thypin 2021 Aff., Ex. M; Thypin 2022 Aff., Ex. N; Ground Lease, Ex. N; Costco 2021 Dep. Tr., Ex. J, p. 11:18-23.

Costco, as Tenant, entered into the Ground Lease for the Property with Manhasset Bay Associates, on or about April 12, 1996.  Answer to Amended Verified Complaint, Ex. C, ¶ 6; Thypin 2021 Aff., Ex. M, ¶ 2; Thypin 2022 Aff., Ex. N, ¶¶ 2-4.  Ownership of the Property was transferred from Manhasset Bay Associates to MBA-Vernon Boulevard LLC in 1997.  See Thypin 2021 Aff., Ex. M, ¶ 3. The Ground Lease remained in full force and effect following the transfer of ownership of the Property and was in effect as of August 16, 2018.  See Thypin 2021 Aff., Ex. M, ¶¶ 2-3; Thypin 2022 Aff., Ex. N. Costco had and has exclusive control over the warehouse. Thypin 2021 Aff., Ex. M, ¶¶ 5-7.

MBA is an out-of-possession owner.  Thypin 2021 Aff., Ex. M; Ground Lease, Ex. N, p.1 and §§ 2.01, 10.02.  It did not retain control over the premises.  Thypin 2021 Aff., Ex. M, ¶¶ 4-7; Ground Lease, Ex. N, §§ 6.07, 10.02.  Nor did MBA retain a right to reenter the Premises to conduct repairs.  Ground Lease, Ex. N, §§ 6.07, 10.02. Indeed, MBA is not contractually obligated to maintain the premises and does not have any responsibility to maintain the interior of the premises.  Thypin 2021 Aff., Ex. M, ¶¶ 4-7; Ground Lease, Ex. N, §§ 6.07, 10.02.

Plaintiff's alleged incident does not involve a structural or design defect.  Pl. Resp. to First Set of Interrogatories, Ex. G, ¶ 4; Pl. Dep. Tr., Ex. H, p. 29:13-22.

## LEGAL ARGUMENT

### I.    THE SUBSTANTIVE LAW OF NEW YORK IS CONTROLLING

This action was removed from New York state court to this Court on the basis of diversity of citizenship between the parties. Accordingly, the substantive law of the State of New York governs Plaintiff's claims. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Pappas v. Philip Morris, Inc., 915 F.3d 889, 891 (2d Cir. 2019) ("as a general matter, a federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits").

Plaintiff alleges that the incident occurred "by reason of the negligence of Defendants." See Amended Verified Complaint, Ex. C, ¶ 22; Pl. Resp. to First Set of Interrogatories, Ex. G, ¶ 22. Under New York law, Plaintiff must establish the following elements in order to succeed in her negligence claim against Defendants: (1) that Defendants owed Plaintiff a duty; (2) that a condition existed at the subject store which violated Defendants' duty owed to Plaintiff; (3) that Defendants either created the condition or had actual or constructive notice of the condition; and (4) that the alleged dangerous condition caused injury to Plaintiff. Rodriguez v. White Plains Pub. Schools, 826 N.Y.S.2d 425 (2d Dep't 2006); Solomon v. City of New York, 66 N.Y.2d 1026, 1027 (1985); Hartley v. Waldbaum, Inc., 893 N.Y.S.2d 272 (2d Dep't 2010); Perez v. NYC Housing Auth., 906 N.Y.S.2d 299 (2d Dep't 2010); Yates v. Costco Wholesale Corp., 2021 U.S. Dist. LEXIS 261060, 2021 WL 9409159 (E.D.N.Y. June 30, 2021). In order to establish constructive notice of a dangerous condition, Plaintiff must establish that the condition was visible and apparent, and that it had existed for a length of time sufficient to afford Costco a reasonable opportunity to discover and remedy the condition. Gordon v. Am. Museum of Natural History, 67 N.Y.2d 836, 837-838 (1986); Perez, 906 N.Y.S.2d at 300; Hartley, 893 N.Y.S.2d at 273.

Summary judgment dismissing Plaintiff's Amended Verified Complaint is appropriate because the evidence in the record unequivocally shows that Plaintiff cannot meet her burden to establish the requisite elements of her negligence claim. Specifically, Plaintiff cannot meet her burden of establishing that Defendants created or had notice of the alleged condition, or that MBA owed her a duty.

## II.     SUMMARY JUDGMENT STANDARD

Although New York law is controlling as to the elements of Plaintiff's negligence claim, federal procedural law controls the standard as to whether summary judgment is warranted. The federal standard decrees that "the evidentiary burdens that respective parties will bear at trial guide district courts in their determination of summary judgment motions." Tenay v. Culinary Teachers Ass'n of Hyde Park, 281 Fed. Appx. 11, 12-13 (2d Cir. 2008); quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988).

Under the federal summary judgment standard, a moving defendant "[is] not required to put forth evidence affirmatively demonstrating its lack of knowledge or its constructive knowledge; rather, it need only show that Plaintiffs will not be able to prove at trial that Defendant had such knowledge." Strass v. Costco Wholesale Corp., 2016 U.S. Dist. LEXIS 79340, at *8, 2016 WL 3448578 (E.D.N.Y. June 17, 2016). A defendant can establish *prima facie* entitlement to summary judgment "by pointing to [Plaintiff's] inability to prove at trial that Defendant created or had actual or constructive notice of the allegedly hazardous condition." Id. at *11; Celotex Corp., 477 U.S. 317, 324-325 (1986). In other words, a movant may demonstrate the absence of a material factual dispute by pointing to the lack of evidence in support of an essential element of the plaintiff's claim. See Celotex Corp., 477 U.S. at 324-325; Yates, 2021 U.S. Dist. LEXIS 261060, *8.

-7-

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); Celotex Corp., 477 U.S. at 324-326.

> The plain language of Rule 56(c) mandates the entry of summary judgment … against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex Corp., 477 U.S. at 322-23. Because Plaintiff would bear the burden at trial of establishing that Defendants created or had actual or constructive notice of the blueberries on the floor that allegedly caused plaintiff to slip, summary judgment must be granted in Defendants' favor if "the [R]ecord contains no evidence establishing a genuine issue of material fact with respect to causation, actual notice or constructive notice." Tenay, 281 Fed. Appx. at 13.

The Court "must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor..." Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998). However, in order to defeat a motion for summary judgment, Plaintiff must reveal her proof and cannot rely upon "conclusory allegations, speculation or conjecture," which are insufficient grounds to establish a genuine issue of material fact requiring a trial. Fed. R. Civ. P. 56(c) and (e); Cifarelli v. Town of Babylon, 93 F.3d 47, 51 (2d Cir. 1996) ("mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment"); Painchault v. Target Corp., 2011 U.S. Dist. LEXIS 103496, 2011 WL 4344150 (E.D.N.Y. Sept. 14, 2011). In other words, Plaintiff must offer "concrete evidence from which a reasonable juror could return a verdict in [her] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Moreover, the party opposing a summary judgment who bears the burden of proof at trial, must

come forward with admissible evidence sufficient to raise an issue of fact in order to defeat a motion for summary judgment.  See CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP, 735 F.3d 114, 123 (2d Cir. 2013) (quoting Cordiano v. Metacon Gun Club, Inc., 575 F.3d 199, 204 (2d Cir. 2009)).  Hearsay cannot be relied upon to create a material issue of fact.  See In re Lyman Good Dietary Supplements Litig., 2020 US Dist. LEXIS 109318, *6 (S.D.N.Y. June 22, 2020); Porter v. Quarantillo, 722 F.3d 94 (2d Cir. 2013); ABB Indus. Sys. v. Prime Tech., 120 F.3d 351, 357 (2d Cir. 1997).

### III.   THE AMENDED VERIFIED COMPLAINT MUST BE DISMISSED BECAUSE THERE IS NO EVIDENCE THAT DEFENDANTS CREATED OR HAD NOTICE OF THE ALLEGED CONDITION

Summary judgment dismissing Plaintiff's Amended Verified Complaint is appropriate because the evidence in the record unequivocally shows that Plaintiff cannot meet her burden to establish the requisite elements of her negligence claim. Specifically, Plaintiff cannot meet her burden of establishing that Defendants created or had actual or constructive notice of the alleged condition, the blueberries on the floor.

### A.  There Is No Evidence That Defendants Created the Alleged Condition

There is no evidence in the record indicating that Defendants created the alleged dangerous condition or otherwise caused the blueberries to be located on the floor. Further, as an out-of-possession landlord, MBA could not have created the alleged dangerous condition.

A finding that the defendant created the dangerous condition requires evidence of "'some affirmative act' on the part of the defendant." Ellison v. Stop & Shop Supermarket Co. LLC, 2022 U.S. Dist. LEXIS 166109, *11 (E.D.N.Y Sept. 14, 2022) (quoting Gonzalez v. Wal-Mart Stores, Inc., 299 F.Supp.2d 188, 192 (S.D.N.Y. 2004)).  Here, there is no evidence as to how the blueberries came to be on the floor.  Plaintiff and Ms. Aroutyan testified unequivocally that they

did not know how or when the blueberries came to be on the floor.  Pl. Dep. Tr., Ex. H, pp. 32:7-22, 33:24-34:5; Aroutyan Dep. Tr., Ex. I, pp. 16:23-18:6, 19:24-20:6. Therefore, Plaintiff cannot assert that Defendants created the condition that caused her to slip and fall.  See Strass, 2016 U.S. Dist. LEXIS 79340, *12-13 ("Absent such evidence [that Defendants created the spill], Plaintiffs cannot prove that Defendant created the spill, and summary judgment on that issue is warranted.").

Based upon the foregoing, Plaintiff cannot point to any concrete and admissible evidence indicating that Defendants caused the blueberries to be on the floor and, therefore, cannot cite to any evidence that Defendants created the alleged dangerous condition that caused her to slip.

## B. There Is No Evidence that Defendants Had Actual Notice of the Alleged Condition

There is absolutely no evidence in the record indicating that Defendants had actual notice of the blueberries on the floor prior to the subject alleged incident.  To establish actual notice, a plaintiff must prove that defendants "were, in fact, aware of the dangerous condition." Quarles v. Columbia Sussex Corp., 997 F.Supp. 327, 332 (E.D.N.Y. Mar. 9, 1998); Nussbaum v. Metro-N. Commuter R.R., 603 F. App'x 10, 12 (2d Cir. 2015); Strass, 2016 U.S. Dist. LEXIS 79340, at *13-14.

Here, there is no evidence in the record that Costco, Costco's employees or MBA were aware of the blueberries involved in the subject accident before accident.  Therefore, Defendants did not have actual notice of the alleged condition.

## C. There is No Evidence That Defendants Had Constructive Notice of the Alleged Condition

There is also no evidence that Defendants had constructive notice of the blueberries on the floor prior to Plaintiff's fall. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's

employees to discover and remedy it." <u>Gordon</u>, 67 N.Y.2d at 837; <u>Hartley</u>, supra at 273; <u>Lacey v. Target Corp.</u>, 2015 U.S. Dist. LEXIS 62643, 2015 WL 2254968 (E.D.N.Y. May 13, 2015). A general awareness of the allegedly hazardous condition is insufficient. <u>DeAngelis v. Am. Airlines, Inc.</u>, 2010 U.S. Dist. LEXIS 33404, at *6 (E.D.N.Y. Mar. 31, 2010).

Mere speculation is insufficient to establish or to support a finding that an alleged condition was visible and apparent for a sufficient length of time to be discovered and remedied. <u>See</u> <u>Bluman v. Freeport Union Free Sch. Dist.</u>, 722 N.Y.S.2d 527, 527-28 (2d Dep't 2004); <u>Painchault v. Target Corp.</u>, 2011 U.S. Dist. LEXIS 103496, 2011 WL 4344150, at *3 (E.D.N.Y. Sept. 14, 2011). In order to conclude that a condition was visible and apparent for a sufficient length of time to be discovered and remedied, there must be evidence in the record indicating, "either how the substance got there or how long it was there before" the accident. <u>Casiano v. Target Stores</u>, 2009 U.S. Dist. LEXIS 92211 at *8 (E.D.N.Y. Sept. 24, 2009) (internal quotation and citations omitted); <u>Lionel v. Target Corp.</u>, 44 F.Supp.3d 315 (E.D.N.Y. Sept. 12, 2014). "[P]laintiff must provide some basis for an inference that the [condition was] there long enough to blame defendant for the accident." <u>Lacey</u>, 2015 U.S. Dist. LEXIS 62643 at *4.

Where a defendant establishes the absence of evidence from which constructive notice can be inferred, summary judgment in favor of the moving defendant is warranted. <u>See</u>, <u>e.g.</u>, <u>Strass</u>, 2016 U.S. Dist. LEXIS 79340 at 24-25.

The condition of the blueberries on the floor *after* the accident does not give rise to an issue of fact as to constructive notice. <u>See</u> <u>Strowman v. A&P</u>, 675 N.Y.S.2d 82, 82 (1st Dep't 1998); <u>Faricell v. TSS Seedman's, Inc.</u>, 94 N.Y.2d 772 (1999); <u>Cuddy v. Waldbaum</u>, 646 N.Y.S.2d 51 (2d Dep't 1996); <u>Bykofsky v. Waldbaum's Supermarkets</u>, 619 N.Y.S.2d 760, 761 (2d Dep't 1994); <u>MacKinney v. Burger King Corp.</u>, 2006 U.S. Dist. LEXIS 87515, * 7-8, 2006 WL 3501142

-11-

(E.D.N.Y. Nov. 13, 2012); <u>Rojas v. Supermarkets Gen. Corp.</u>, 656 N.Y.S.2d 346 (2d Dep't 1997); <u>Gogos v. Modell's Sporting Goods, Inc.</u>, 2009 N.Y. Slip Op 33035(U), *21-23 (Sup. Ct. N.Y. Cty, Nov. 18, 2009) ("plaintiff's reliance on the aged condition of the mango is insufficient. The condition of the mango peel on the floor is insufficient 'to warrant any inference as to the length of time it had been on the store's floor'").

In <u>Strowman v. A&P</u>, 675 N.Y.S.2d 82, 82 (1st Dep't 1998), the plaintiff alleged that she slipped and fell on "a crushed, dirty banana peel" on the floor near a cashier's lane. The plaintiff's Complaint was dismissed because plaintiff could not establish an issue of fact as to constructive notice. <u>Id.</u> at 83. Plaintiff could not rely upon the "alleged 'crushed and dirty' condition of the banana peel" which was "insufficient as a matter of law." <u>Id.</u> Indeed, the Appellate Division specifically stated:

> Contrary to the dissent's conclusion, the condition of the banana peel is not sufficient to warrant any inference as to the length of time it had been on the supermarket floor. For all that this record shows, the banana peel could have been deposited on the floor only minutes or seconds before the accident. Any other conclusion would be pure speculation. The observation after the accident that the banana peel was crushed and dirty does not warrant the inference that the banana peel was in such a condition prior to the accident since the manner in which the accident occurred would leave a banana peel dirty and crushed.

<u>Id.</u> at 83.

In <u>Cuddy v. Waldbaum</u>, 646 N.Y.S.2d 51 (2d Dep't 1996), dismissal of the Complaint was affirmed where plaintiff failed to raise an issue of fact as to notice. The plaintiff alleged that she slipped on lettuce leaves and wet paper that were "'withered,' 'shriveled up', 'walked-on' and 'dirty.'" <u>Id.</u> The Appellate Division ruled that there were "no evidentiary facts from which a jury could infer constructive notice from the amount of time that the dangerous condition existed." <u>Id.</u>

In <u>Bykofsky v. Waldbaum's Supermarkets</u>, 619 N.Y.S.2d 760, 761 (2d Dep't 1994), the Second Department affirmed dismissal of the complaint involving a slip and fall in a supermarket. The plaintiff claims that she slipped "on some squashed pieced of dark-colored fruit." <u>Id.</u> at 761. The Complaint was dismissed on summary judgment which was affirmed by the Appellate Division, Second Department. <u>Id.</u> In particular, the Appellate Division held that: "[h]ere, however, there is no evidence that the fruit which allegedly caused [plaintiff's] fall had been on the floor for any appreciable length of time. While [plaintiff] described the fruit as 'squashed', the evidence was just as consistent with a finding that someone had dropped the fruit on the floor and had stepped on it shortly before [plaintiff] slipped." <u>Id.</u> at 761.

Here, there is simply no evidence in the record indicating that the blueberries were on the floor for a sufficient length of time prior to the incident to permit Costco's employees to discover and remedy the condition. As set forth above, there is no evidence of when or how the blueberries got onto the floor in the crowded area. Plaintiff and Ms. Aroutyan concede that they do not know how the blueberries came to be on the floor and do not know for how long the blueberries were on the floor prior to the accident.

To the extent plaintiff relies upon the argument that the blueberries were "crushed" and/or "dirty", such claims are unavailing and do not give rise to an inference as to the length of time the blueberries were on the floor. Again, plaintiff first saw the blueberries for the first time after she had been helped up. Ms. Aroutyan did not see any blueberries on the floor until after the incident. Further, Plaintiff and Ms. Aroutyan testified that there were many other customers in the area where the incident occurred. As in <u>Strowman</u> and <u>Bykofsky</u>, <u>supra</u>, the berries could have been deposited on the floor only minutes or seconds before the accident and any other conclusion would be pure speculation. <u>See Strowman</u>, 675 N.Y.S.2d at 83; <u>Bykofsky</u>, 619 N.Y.S.2d at 761.

-13-

Based upon the foregoing, Plaintiff cannot establish that Defendants had constructive notice of the blueberries on the floor that allegedly caused her to slip, and summary judgment must be granted in Defendants' favor.

### IV.    THE COMPLAINT MUST BE DISMISSED AGAINST MBA-VERNON BOULEVARD LLC BECAUSE IT IS AN OUT-OF-POSSESSION LANDLORD

The Amended Verified Complaint should also be dismissed as against MBA because it did not owe a duty to plaintiff and cannot be liable as it is an out-of-possession owner that has not retained control over the premises and is not contractually obligated to maintain the premises.

"Under New York law, 'an out-of-possession owner will not be liable for injuries that occur on [its] premises unless it has retained control over the premises or is contractually obligated to repair or maintain the premises'", or has a contractual right to reenter, inspect and make needed repairs at the tenant's expense and liability is based on a significant structural or design defect that is contract to a specific statutory safety provision. Williams v. Matrix Fin. Servs. Corp., 158 F. App'x 301, 302 (2d Cir. 2005) (citing Richardson v. Yasuda Bank and Trust Co., 772 N.Y.S.2d 595, 595 (2d Dep't 2004)); Sapp v. S.J.C. Lenox Ave. Familty Ltd Partnership, 56 N.Y.S.3d 32, 35 (1st Dep't 2017); Haskin v. United States, 2015 U.S. Dist. LEXIS 84762, *45-46, 2015 WL 3971730 (E.D.N.Y. June 30, 2015); Repetto v. Alblan Realty Corp., 948 N.Y.S.2d 655 (2d Dep't 2012).

Pursuant to the Ground Lease, Costco has exclusive control over the Costco warehouse and is obligated to maintain the Warehouse. In particular, the Ground Lease includes the following provisions:

> 6.07 Control and Indemnification.    Notwithstanding anything to the contrary in this Lease, during the Term of this Lease Tenant [Costco] shall have exclusive control and possession of the

-14-

Premises, Landlord shall have no liabilities, obligations or responsibilities whatsoever with respect thereto.

\*\*\*

10.02  Repair and Maintenance.

(a) Tenant shall, throughout the term of this lease, at Tenant's cost and expense, take good care of the and maintain the Premises and all roadways, sidewalks and curbs adjacent and appurtenant thereto in good order and repair and shall promptly remove all accumulated snow, ice and debris from any and all roadways, sidewalks and curbs located upon or appurtenant to the Premises and all other sidewalks and curbs adjacent to the Premises.

Ground Lease, Ex. N, §§ 6.07, 10.02.

As such, MBA leased the Premises in their entirety to Costco.  MBA did not retain control over the property or retain a contractual duty to maintain it.  MBA did not retain a right to re-enter the Premises to make repairs.  Moreover, the incident does not involve a "significant structural or design defect."

MBA is therefore entitled to summary judgment dismissing the claims against it on the basis that it is an out-of-possession landlord.

## V.    RES IPSA LOQUITUR IS NOT APPLICABLE TO THE CASE

Plaintiff alleges in passing in the response to Defendants' First Set of Interrogatories that she will rely upon the doctrine of Res Ipsa Loquitur with regard to the allegations of negligence. See Pl. Resp. to Defendants' First Set of Interrogatories, Ex. G, ¶ 8.

To rely on the doctrine of *res ipsa loquitur*, a plaintiff must show that "(1) the event is of the kind that ordinarily does not occur in the absence of someone's negligence; (2) the instrumentality that caused the injury is within the defendants' exclusive control; and (3) the injury is not the result of any voluntary action by the plaintiff."  Giantomaso v. T. Weiss Realty Corp., 37 N.Y.S.3d 313, 316 (2d Dep't 2016); Del Carmen Cuque v. Amin, 4 N.Y.S.3d 428, 429 (4th

Dep't 2015) ("The doctrine of *res ipsa loquitur* applies where the plaintiff can establish, among other elements, that his or her injuries were caused by an instrumentality within the exclusive control of the defendant."). *Res ipsa loquitur* is generally inapposite in a slip-and-fall case. Molina v. United States, 2015 U.S. Dist. LEXIS 92690, at *20-21, 2015 WL 4394045 (E.D.N.Y. July 16, 2015); Lunja v. Regal Cinema at Atlas Park, 2022 U.S. Dist. LEXIS 66119, at *11, 2022 WL 1038034 (E.D.N.Y. Feb. 9, 2022); Anderson v. Skidmore Coll., 941 N.Y.S.2d 787, 790 (3d Dep't 2012); Cameron v. H.C. Bohack Co., 280 N.Y.S.2d 483 (2d Dep't 1967); Coale v. Metro-N. R.R. Co., 34 F. Supp. 3d 206, 219 (D. Conn. 2014) ("[Plaintiff] can satisfy neither the first nor second criteria [for res ipsa loquitur]. Slip and fall cases often occur in the absence of negligence . . . . [and] the possibility that someone other than [defendant] could have caused the spill [means that] this Court cannot conclude that [defendant] had exclusive control of the substance upon which [plaintiff] slipped.").

In Cameron, the Second Department determined that *res ipsa loquitur* did not apply to a slip and fall on spilled merchandise in a grocery store based upon the lack of possession and control. 280 N.Y.S.2d 483.

Here, *res ipsa loquitur* does not and cannot apply because the doctrine is generally inapplicable to slip and fall cases. Moreover, there is no evidence to satisfy any of the three prongs of *res ipsa loquitur.* It cannot be said that that the accident is one ordinarily would not occur absent negligence, as the blueberries could have gotten onto the floor seconds before the accident. It cannot be disputed that neither Costco nor MBA were in exclusive control of the instrumentality involved in the accident given MBA is not in possession of the property and blueberries are sold in the Costco for customers to handle and purchase.

-16-

Therefore, the doctrine of *res ipsa loquitur* has no application to this litigation and cannot give rise to a material issue of fact or otherwise stand in the way of summary judgment for Defendants.

### CONCLUSION

For the reasons set forth above, and based upon the law of New York, Defendants are entitled to summary judgment dismissing Plaintiff's Amended Verified Complaint. To move forward with further proceedings and a trial of this matter as to the issue of liability is unnecessary and would be both prejudicial to Defendants and a waste of valuable judicial resources.

Dated: New York, New York
      September 23, 2022

               CONNELL FOLEY LLP

               _____
               MICHAEL J. CROWLEY
               SAMUEL P. QUATROMONI
               Attorneys for the Defendants
               COSTCO WHOLESALE CORPORATION
               and MBA – VERNON BOULEVARD, LLC
               875 Third Avenue, 21st Floor
               New York, New York 10022
               (212) 307-3700

TO:

Philip Aiello, Esq.
McManus Ateshoglu Aiello & Apostolakos PLLC
Attorneys for Plaintiff
48 Wall Street, 25th Floor
New York, New York 10005
(212) 425-3100
paiello@maaalaw.com

-17-