UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

FOUZIA JADA,

                          Plaintiff,                    Docket No.: 1:21-cv-00194-MKB-JRC

          -against-                                     **RULE 56.1 STATEMENT OF
                                                        MATERIAL FACTS**

COSTCO WHOLESALE CORPORATION and
MBA - VERNON BOULEVARD, LLC,

                          Defendants.

-------------------------------------------------------------X

Pursuant to Rule 56.1(a) of the Local Rules of the United States District Courts for the

Southern and Eastern Districts of New York, defendants, Costco Wholesale Corporation and

MBA-Vernon Boulevard, LLC, respectfully assert, in support of their motion for summary

judgment, that the following material facts are generally not in dispute:

1.    On August 16, 2018, plaintiff was shopping at the Costco in Long Island City, located at 3250 Vernon Boulevard, when she allegedly slipped on blueberries on the floor.  Pl. Resp. to First Set of Interrogatories, Ex. G[1], ¶ 4; Pl. Dep. Tr., Ex. H, pp. 6:17-23, 29:13-22, 41:14-16.

2.    The alleged incident occurred at approximately 7:20 p.m. See Member First Report, Ex. O; Pl. Resp. to First Set of Interrogatories, Ex. G, ¶ 2.

3.    On August 16, 2018, plaintiff was shopping at Costco with her friend, Tamara Aroutyan.  Pl. Dep. Tr., Ex. H, pp. 22:23-25; Aroutyan Dep. Tr., Ex. I, pp. 6:11-24, 7:24-8:3.

4.    The blueberries were on the floor near the cashiers. Pl. Resp. to First Set of Interrogatories, Ex. G, ¶ 3; Pl. Dep. Tr., Ex. H, pp. 25:13-18, 26:2-5; Aroutyan Dep. Tr., Ex. I, pp. 12:12-17, 14:17-15:5.

5.    Plaintiff and Ms. Aroutyan had already reached the cashier before the alleged accident.  Pl. Dep. Tr., Ex. H, pp. 28:7-29:5; Aroutyan Dep. Tr., Ex. I, pp. 10:10-20, 11:4-12:11.

6.    In order to get to the cashier before the accident, plaintiff and Ms. Aroutyan necessarily walked through or immediately adjacent to the area where the

---

[1] All citations to Exhibits are to the Exhibits annexed to the Declaration of Michael J. Crowley, Esq., dated September 23, 2022, unless otherwise noted.

accident occurred minutes later. Pl. Dep. Tr., Ex. H, p. 30:9-24; Aroutyan Dep. Tr., Ex. I, pp. 10:10-20, 11:23-12:25, 13:17-21, 14:17-15:5.

7. The accident occurred on plaintiff's second time through the area. Aroutyan Dep. Tr., Ex. I, pp. 10:10-20, 11:4-19, 11:23-12:25; Pl. Dep. Tr., Ex. H, pp. 28:17-29:5, 35:11-24.

8. Neither plaintiff nor Ms. Aroutyan know how the blueberries involved in the alleged incident got onto the floor. Pl. Dep. Tr., Ex. H, pp. 32:7-22, 33:24-34:5; Aroutyan Dep. Tr., Ex. I, pp. 16:23-18:6, 19:24-20:6.

9. Plaintiff did not see any blueberries on the floor before the accident. Pl. Dep. Tr., Ex. H, pp. 30:25-32:6, 33:24-34:5.

10. Plaintiff first saw blueberries on the floor after she had been helped up off of the floor after the accident. Pl. Dep. Tr., Ex. H, pp. 38:20-39:3.

11. Ms. Aroutyan did not see any blueberries on the floor before the accident. Aroutyan Dep. Tr., Ex. I, pp. 16:23-18:6. She only saw them on the floor after plaintiff fell. Aroutyan Dep. Tr., Ex. I, pp. 16:23-18:6.

12. Neither plaintiff nor Ms. Aroutyan knew how long the blueberries had been on the floor prior to the accident. Pl. Dep. Tr., Ex. H, pp. 32:7-22, 33:24-34:5; Aroutyan Dep. Tr., Ex. I, pp. 16:23-18:6, 19:24-20:3.

13. Plaintiff fell when she was approximately two to three yards from the cashier, where many other customers were waiting in line. Pl. Dep. Tr., Ex. H, pp. 35:11-24; Aroutyan Dep. Tr., Ex. I, pp. 13:25-14:10, 14:17-15:23, 32:2-5.

14. The floor where the accident occurred is gray. Costco 2021 Dep. Tr., Ex. J, pp. 48:25-49:5; Aroutyan Dep. Tr., Ex. I, p. 18:11-16.

15. There is no evidence in the record that Costco created the alleged dangerous condition or otherwise caused the blueberries to become located on the floor. Pl. Dep. Tr., Ex. H, pp. 32:7-9; Aroutyan Dep. Tr., Ex. I, pp. 16:23-18:6, 20:4-6; see generally, Costco 2021 Dep. Tr., Ex. J, and Costco 2022 Dep. Tr., Ex. K.

16. There is no evidence in the record that MBA created the alleged dangerous condition or otherwise caused the blueberries to become located on the floor. Pl. Dep. Tr., Ex. H, pp. 32:7-9; Aroutyan Dep. Tr., Ex. I, pp. 16:23-18:6, 20:4-6; see generally, Costco 2021 Dep. Tr., Ex. J, Costco 2022 Dep. Tr., Ex. K.

17. There is no evidence in the record that Costco or MBA had actual notice of the blueberries on the floor. See generally Exs. H-K, P.

18. There is no evidence in the record that Costco or MBA had constructive notice of the blueberries on the floor. See Generally Exs. H-K, P.

19. Costco Member Service employees conduct hourly floor-walks, which include checking whether the floors are clean and clear. Costco 2021 Dep. Tr., Ex. J, p. 34:16-24; Costco 2022 Dep. Tr., Ex. K, pp. 38:6-39:5, 42:17-43:5. Floor-walks include the area near the cashiers. Costco 2022 Dep. Tr., Ex. K, pp. 39:17-21, 42:17-21.

20. The floor walk sheet from August 16, 2018, does not show any indication of blueberries on the floor prior to the accident. See Costco 2022 Dep. Tr., Ex. K, pp. 42:17-43:5, 48:14-49:2; Floor-Walk Sheet, Ex. P.

21. Costco regularly cleaned the front end of the warehouse, which includes the area where alleged incident occurred. Costco 2021 Dep. Tr., Ex. J, pp. 31:10-32:10, 32:21-25, 33:9-15; Costco 2022 Dep. Tr., Ex. K, 54:7-13.

22. Any Costco employee can clean up a spill. Costco 2021 Dep. Tr., Ex. J, p. 36:3-8; Costco 2022 Dep. Tr., Ex. K, 17:10-23, 54:7-13.

The Property and Ground Lease

23. MBA-Vernon Boulevard LLC ("MBA") owned the property at 3250 Vernon Boulevard, Long Island City, NY ("Property"), on August 16, 2018. Answer to Amended Complaint, Ex. D, ¶¶ 5, 7; Thypin 2021 Aff., Ex M, ¶¶ 1, 3.

24. As of August 16, 2018, Costco occupied the Property pursuant to a Ground Lease with MBA. See Answer to Amended Verified Complaint, Ex. D, ¶¶ 5-7; Ground Lease, Ex. N; Costco 2021 Dep. Tr., Ex. J, p. 11:18-23; Thypin 2021 Aff., Ex. M; Thypin 2022 Aff, Ex. N.

25. Costco, as Tenant, entered into a Ground Lease with Manhasset Bay Associates relating to the Property, on or about April 12, 1996. Thypin 2021 Aff., Ex. M, ¶ 2; Thypin 2022 Aff., Ex. M, ¶¶ 2-4; Answer to Amended Verified Complaint, Ex. C, ¶ 6.

26. Ownership of the Property, was transferred from Manhasset Bay Associates to MBA-Vernon Boulevard LLC in 1997. See Thypin 2021 Aff., Ex. M, ¶ 3.

27. The Ground Lease remained in full force and effect following the transfer of ownership of the Property and was in effect as of August 16, 2018. See Thypin 2021 Aff., Ex. M, ¶¶ 2-3; Thypin 2022 Aff., Ex. N.

28. MBA is an out-of-possession owner. Thypin 2021 Aff., Ex. M, ¶¶ 2-3; Ground Lease, Ex. N, p.1 and §§ 2.01, 10.02.

29. MBA did not retain control over the premises. Thypin 2021 Aff., Ex. M, ¶¶ 4-7; Ground Lease, Ex. N, §§ 6.07, 10.02.

30. MBA did not retain a right to reenter the Premises to conduct repairs. Ground Lease, Ex. N, §§ 6.07, 10.02.

31.    MBA is not contractually obligated to maintain the premises.  Thypin 2021 Aff., Ex. M, ¶¶ 4-7; Ground Lease, Ex. N, §§ 6.07, 10.02.

32.    MBA does not have any responsibility to maintain the interior of the premises. Thypin 2021 Aff., Ex. M, ¶¶ 4-7; Ground Lease, Ex. N, §§ 6.07, 10.02.

33.    Plaintiff's alleged incident does not involve a structural or design defect.  Pl. Resp. to First Set of Interrogatories, Ex. G, ¶ 4; Pl. Dep. Tr., Ex. H, p. 29:13-22.

34.    Costco had and has exclusive control over the warehouse. Thypin 2021 Aff., Ex. M, ¶¶ 4-7.

Dated: New York, New York
         September 23, 2022

CONNELL FOLEY LLP

MICHAEL J. CROWLEY
SAMUEL P. QUATROMONI
Attorneys for the Defendants
COSTCO WHOLESALE CORPORATION
and MBA – VERNON BOULEVARD, LLC
875 Third Avenue, 21st Floor
New York, New York 10022
(212) 307-3700

TO:

Philip Aiello, Esq.
McManus Ateshoglu Aiello & Apostolakos PLLC
Attorneys for Plaintiff
48 Wall Street, 25th Floor
New York, New York 10005
(212) 425-3100
paiello@maaalaw.com

-4-