UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

FOUZIA JADA,

                    Plaintiff,

      -against-

COSTCO WHOLESALE CORPORATION and
MBA – VERNON BOULEVARD, LLC,


                  Defendants.

------------------------------------------------------------------------ x

:
:
:        1:21-cv-00194
:
:
:
:
:

 

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

McMANUS ATESHOGLOU
AIELLO & APOSTOLAKOS PLLC
Of Counsel to
ARGYROPOULOS & ASSOCIATES LLC
Attorneys for Plaintiff
FOUZIA JADA
48 Wall Street, 25th Floor
New York, New York 10005
Phone: (212) 425-3100
Fax: (212) 425-3175
Email: paiello@maaalaw.com

TO:
  Michael J. Crowley, Esq.
  Samuel P. Quatromoni, Esq.
  CONNELL FOLEY LLP
  Attorneys for the Defendants
  COSTCO WHOLESALE CORPORATION
  and MBA – VERNON BOULEVARD, LLC
  888 Seventh Avenue, 9th Floor
  New York, New York 10106
  (212) 307-3700
  Email: mcrowley@connellfoley.com
  Email: squatromoni@connellfoley.com

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT**…………………………………………………………... 1

    **I.  PROCEDURAL HISTORY**…………………………………………………... 1

**STATEMENT OF FACTS**…………………………………………………………. 1

**ARGUMENT**………………………………………………………………………... 4

    **A.  MOTION FOR SUMMARY JUDGMENT STANDARDS OF LAW**…………... 4

    **B.  DEFENDANTS FAILED TO ESTABLISH A PRIMA FACIE SHOWING AS A MATTER OF LAW, AS THEY CANNOT DEMONSTRATE A LACK OF CONSTRUCTIVE NOTICE**…………………………………………………………………… 6

    **C.  MBA HAS FAILED TO DEMONSTRATE IT IS AN OUT-OF-POSSESSION LANDLORD NOT SUBJECT TO LIABILITY**………………………………………………………………… 11

**CONCLUSION**…………………………………………………………………….. 13

## TABLE OF AUTHORITIES

**Cases**

*Alnashmi v. Certified Analytical Group, Inc.*, 89 A.D.3d (2nd Dept. 2011)…………………. 12

*Alvarez v. Prospect Hospital*, N.Y.2d 320, 324 (1985)……………………………………………. 5

*Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 671 (E.D.N.Y. Aug. 6, 2019) ......................................................................................................................................... 11

*Black v. Kohl's Dep't Stores, Inc.*, 80 A.D.3d 958 (2nd Dept. 2011)………………………... 10

*Catanzaro v. King Kullen Grocery Co.*, 194 A.D.2d 584, 584-584 ( 2nd Dept. 1993)……….. 9

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)…………………………………………….. 5

*Cohen v. Herbal Concepts, Inc.*, 100 A.D. 175, 177 (2nd Dept. 1990)……………………….. 5

*County Oil Co., Inc. v. Bayview Owners Corp.*, 181 A.D.2d 809 (2nd  Dept. 1992)…………. 4

*Creighton v. Milbauer*, 191 A.D.2d 162 (1st Dept. 1993)………………………………………….. 5

*Dauman Displays Inc. v. Mastruzo*, 168 A.D.2d 204 (1st Dept. 1990)………………………….. 5

*Decision Concepts, Inc. v. Citibank, N.A.*, 91 A.D.2d 965 (1st Dept. 1983)…………………….. 5

*Denermark v. 2857 W. 8th St. Assocs.*, 111 A.D.3d 660 (2nd Dept. 2013)…………………... 12

*DiMenna & Sons, Inc. v. City of New York*, 301 N.Y. 118 (1950)……………………………… 5

*Eksarko v. Associated Supermarket*, 155 A.D.3d 826, 827-28 (2nd Dept. 2018)…………… 7, 8

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)………………………………………………….. 4

*Falk v. Goodman*, 7 N.Y.2d 87 (1959)…………………………………………………………... 4

*Felipe v. Target Corp.*, 572 F. Supp. 2d 455,461 (S.D.N.Y. 2008)…………………………... 11

*Frank-Shaevich v. United Artists Theatre Cir., Inc.*, No. 15CIV6990AMDSMG, 2016 WL 183911, at *2 (E.D.N.Y. Jan. 14, 2016)……………... 11

*Glick & Dolleck, Inc. v. Tri-Pac Export Corp.*, 22 N.Y.2d 439 (1968)………………………… 5

*Grippo v. City of New York*, 45 A.D.3d 639, 640 (2nd Dept. 2007)…………………………... 11

*Henderson v. City of New York*, 178 A.D.2d 129 (1st Dept. 1991)……………………………….. 5

*Herman v. Lifeplex, LLC*, 106 A.D.3d 1050 (2nd Dept. 2013)…………………………………… 7

*Huth v. Allied Maint. Corp.*, 143 A.D.2d 634, 636 (2nd Dept. 1988)…………………………... 9

*Mahoney v. AMC Entertainment*, 103 A.D.3d 855 (2nd Dept. 2013)…………………………... 6

*Marine Midland Bank N.A. v. Dino & Artie's Automatic Transmission Co.*,
168 A.D,2d 610 (2nd Dept. 1990)……………………………………………………….. 5

*McLaughlan v. Waldbaums, Inc.*, 237 A.D.2d 335 (2nd Dept. 1997)…………………………... 10

*McLaughlin v. Thaima Realty Corp.*, 161 A.D.2d 383 (1st Dept. 1990)………………………... 5

*Meadowbrook National Bank of Freeport v. Ferkin*, 303 N.Y. 853 (1952)……………………. 6

*Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 891 (2d Cir. 2019)………………………………. 4

*Perez v. Wendell Terrace Owners Corp.*, 150 A.D.3d 1662, 1663 (2nd Dept. 2017)…………… 7

*Piecyk v. Otis Elevator Co.*, 164 A.D.2d 816, 817 (1st Dept. 1990)…………………………….. 5

*Quinones v. Starret City, Inc.*, 163 A.D.3d 1020 (2nd Dept. 2018)…………………………… 7

*Siemion v. BJ's Wholesale Club Inc.*, 2019 WL 3561896, at *2 (E.D.N.Y. Aug. 6, 2019)……. 11

*Supan v. Michelfeld*, 97 A.D.2d 755 (2nd Dept. 1983)………………………………………... 6

*Taliana v. Hines REIT Three Huntington Quadrangle, LLC*,
197 A.D.3d 1349 (2nd Dept. 2021)……………………………………………………… 10

*Tango v. Costco Wholesale Corp.*,
No. 19CV483SJFARL, 2021 WL 174013, at *4–5 (E.D.N.Y. Jan. 19, 2021)………………... 6, 8

*Taylor v. United States*, 121 F.3d 86, 90 (2d Cir. 1997)……………………………………… 6, 8

*Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. June 4, 2008)
……………………………………………………………………………………… 6, 8

*Thomason v. Target Corp.*, 2022 WL 1137165 (S.D.N.Y. Apr. 18, 2022)...………………… 6, 8

*Vega v. Restani Const. Corp.*, 18 N.Y.3d 499, 505 (2012)…………………………………… 5

*Williams v. Matrix Fin. Servs. Corp.*, 158 F.App'x 301, 302 (2d Cir. 2005)…………………... 11

*Winegrad v. N.Y.U Medical Center*, 64 N.Y.2d 851 (1985)………………………………….. 4

*Yioves v. T.J. Maxx, Inc.*, 29 A.D.3d 572, 573 (2nd Dept. 2006)……………………………… 6, 7

**PRELIMINARY STATEMENT**

Plaintiff Fouzia Jada ("Plaintiff") respectfully submits this Memorandum of Law in opposition to Defendants Costco Wholesale Corporation ("Costco") and MBA-Vernon Boulevard LLC's ("MBA," and collectively, with Costco, the "Defendants") motion for an Order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking summary judgment in Defendants' favor.

As will be demonstrated below, the Defendants have failed to meet their *prima facie* burden of demonstrating entitlement as a matter of law, as they have failed to provide any testimony, in the form of an affidavit or otherwise, that Costco lacked constructive notice of the dangerous condition.

## I.    PROCEDURAL HISTORY

Plaintiff commenced this action in the Supreme Court of the State of New York, County of Queens, by filing a Verified Complaint on September 16, 2020. See Defendants' Ex. A. Issue was joined by service of Defendants' Verified Answer to the Verified Complaint on November 19, 2020. See Defendants' Ex. B. Plaintiff filed a Supplemental Summons and Amended Verified Complaint on December 11, 2020. See Defendants' Ex. C. Defendants filed a Verified Answer to the Amended Verified Complaint. See Defendants' Ex. D.

The case was removed to this Court by Defendants based upon diversity jurisdiction on January 13, 2021. A copy of Defendants' Notice of Removal, without attachments, is attached as Defendants' Ex. E. Defendants previously filed a Motion for Pre-Motion conference on September 2, 2021, for a motion to dismiss the Amended Verified Complaint against MBA on the basis that it is an out-of-possession landlord. The Motion for Pre-Motion Conference was denied without prejudice. See Defendants' Ex. F.

**STATEMENT OF FACTS**

This action concerns a slip and fall, whereby, on August 16, 2018, Plaintiff fell on spilled blueberries on the floor of a Costco located at 3250 Vernon Boulevard, Long Island City, NY (the

"Accident"). (See Defendants' Exhibit C, para. 21; see also Defendants' Ex. H, p. 22, 29, 30). As indicated by the Member First Report of Accident, the Accident occurred at approximately 7:20 PM. (Defendants' Ex. O).

MBA owns the premises located at 3250 Vernon Boulevard, Long Island City, New York (the "Premises"), and Costco operates the Costco Warehouse thereat. (Defendants' Ex. D, paras. 5, 6, and 7).

Plaintiff was in the process of paying for her goods at the cash register, when she was informed by a Costco employee that there was a certain sale on items which allowed her to obtain an item for free. She then proceeded to retrieve the item from the rear of the Costco, and as she arrived back at the register, she slipped and fell on blueberries scattered on the floor mere feet from the subject register and Costco employee. (Defendants' Ex. H, p. 28, 30, 33; Defendants' Ex. I, p. 14-18).

The subject blueberries were spread approximately one yard across the Costco floor. (Defendants' Ex. H, p. 33-34). Further, the blueberries appeared to be "crushed" and "dirty," as if they had been on the floor for quite some time. (Defendants' Ex. H, p. 32; Defendants' Ex. I, p. 31). There were many witnesses to Plaintiff's slip and fall, including non-party witness Tamara Aroutyan. (Defendants' Ex. H, p. 27; Defendants' Ex. I, p. 32). Neither Plaintiff, nor her shopping partner, Tamara Aroutyan, purchased the subject blueberries or had the subject blueberries in their cart to purchase. (Defendants' Ex. H, p. 39). Following the Accident, Costco manager and non-party witness, Alejandra Vicencio, attempted to have Plaintiff sign a Member First Report of Accident which indicated that Plaintiff "had blueberries in her hand," which Plaintiff refused to sign as it was inaccurate. (Defendants Ex. H, p. 42-43).

Costco's witness, Alejandra Vicencio ("Vicencio") was a manager at the time of the Accident. (Defendants' Ex. K, p. 12). Vicencio described the general maintenance practices of the Costco. This included floor walks performed once an hour to determine if the floors were clean. (Defendants' Ex. K, p. 34,38). On the date of the Accident, when viewing the Daily Floor Walk Inspection Report, Vicencio indicated that that the cashier area of the Premises where Plaintiff's Accident occurred is located in Zone 1 on the Daily Floor-walk Safety Inspection form. Further, she confirmed that the last "floor walk" of Zone 1, before the Plaintiff's Accident, began at 5:45 p.m. and ended at 6:28 p.m. Additionally, in Defendants' request for a Pre-Motion Conference, Defendants' counsel similarly confirmed, "[a]ccording to the Floor Walk Sheet …. floor walks were conducted on the date of the Accident from 5:45 PM to 6:28 PM and from 7:25 PM to 7:56 PM." (Defendants Ex. J., pp. 41-47).

Additionally, if a complaint were made regarding debris on the floor, it would likely *not be documented.* (Defendants' Ex. J, pp. 50-51). Moreover, if spilled debris, when cleaning, was not a large enough job so as to require a mop, such cleaning efforts *would not be documented*. (Defendants' Ex. J., p. 38). And if maintenance had to respond and clean a given area, *no report would be generated*. (Defendants' Ex. K, pp. 42-43). Also, cleaning the front end of the store, near the cashiers, *would likely not be documented*. (Defendants' Ex. K, p. 54). Vicencio could not testify as to which maintenance workers were working at the time of the Accident, or who would have knowledge of the hazardous condition or cleaning of same. (See Defendants' Ex. K, pp. 21-28)

Vicencio testified that she had received complaints in the year preceding the subject accident date regarding debris on the floor in and around the accident area/registers, and again, such complaints *were not documented*. (Defendants' Ex. K, pp. 50-51). Further, Vicencio testified

that the Costco does have security cameras, but she did not know if a search for video of the Accident was performed. (Defendants' Ex. J, p. 28-29; Ex. K, p. 50).

Vicencio also testified that produce, such as blueberries, would be packaged in a bag or plastic and was not freestanding. She had previously observed Costco members consume produce from these bags or plastic containers prior to paying for said produce prior to the Accident date. (Defendants' Ex. K, pp. 41-42). She admitted that it was not the policy of the store to "press on [the issue]" with members of Costco if an employee observed a member eating produce out of their respective containers. (Defendants' Ex. K, p. 42).

## ARGUMENT

### A. MOTION FOR SUMMARY JUDGMENT STANDARDS OF LAW

This action was removed from New York State Court to this Court on the basis of diversity of citizenship between the parties. Accordingly, the substantive law of the State of New York governs Plaintiff's claims. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 891 (2d Cir. 2019) ("as a general matter, a federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits").

It is well-settled that there is a high burden to make a *prima facie* showing of entitlement to judgment as a matter of law. Where the moving party fails to conclusively demonstrate a *prima facie* showing of entitlement to judgment as a matter of law, the motion must be denied regardless of the sufficiency of the opposing papers. *See Winegrad v. N.Y.U. Medical Center*, 64 N.Y.2d 851 (1985); *County Oil Co., Inc. v. Bayview Owners Corp.*, 181 A.D.2d 809, (2nd Dept. 1992).

It is also established that summary judgment is a drastic remedy, which is the procedural equivalent of a plenary trial. *Falk v. Goodman*, 7 N.Y.2d 87 (1959). To obtain such drastic relief, the movant must unequivocally demonstrate that there are no triable issues of fact and that as a

matter of law the Court is warranted in directing judgment in its favor. *DiMenna & Sons, Inc. v. City of New York*, 301 N.Y. 118 (1950); *Piecyk v . Otis Elevator Co.*, 164 A.D.2d 816, 817 (1st Dept. 1990); *Glick & Dolleck, Inc. v. Tri-Pac Export Corp.*, 22 N.Y.2d 439 (1968).

The proponent of a motion for summary judgment carries the initial burden of tendering sufficient evidence to demonstrate as a matter of law the absence of a material issue of fact. *See Alvarez v. Prospect Hospital*, 68 N.Y.2d 320, 324 (1985); see also *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Where, as here, Defendants have failed to meet that burden, no proof is necessary from the Plaintiff as the burden has not shifted.

The evidence submitted in support of the movant must be viewed in the light most favorable to the non-movant. *Vega v. Restani Const. Corp.*, 18 N.Y.3d 499, 505 (2012)*; Marine Midland Bank. N.A. v. Dino & Artie's Automatic Transmission Co.*, 168 A.D.2d 610 (2nd Dept. 1990).

The drastic remedy of summary judgment should not be granted when there is doubt as to the existence of a triable issue of fact or where such an issue is even arguable. *Cohen v. Herbal Concepts, Inc.*, 100 A.D.2d 175, 177 (1st Dept. 1984), *aff'd* 63 N.Y.2d 379 (1984).

Since a court is not authorized to try factual issues in a summary manner, its function on a motion for summary judgment is issue finding, not issue resolution. *Dauman Displays Inc. v. Masturzo*, 168 A.D.2d 204 (1st Dept. 1990); *McLaughlin v. Thaima Realty Corp.*, 161 A.D.2d 383 (1st Dept. 1990); *Decision Concepts, Inc. v. Citibank, N.A.*, 91 A.D.2d 965 (1st Dept. 1983).

In exercising that function, the non-moving party's pleading and opposing papers must be accepted as true and the decision must be made on the version of facts most favorable to the non-moving party. *Creighton v. Milbauer*, 191 A.D.2d 162, (1st Dept. 1993); *Henderson v. City of New York*, 178 A.D.2d 129 (1st Dept. 1991); *McLaughlin*, *supra,* at 126.

Summary judgment must be denied where there exist questions of law, which are based upon questions of fact. *Meadowbrook National Bank of Freeport v. Ferkin*, 303 N.Y. 853 (1952). Additionally, if different inferences can be drawn from the facts, summary judgment is appropriately denied. *Supan v. Michelfeld*, 97 A. D.2d 755 (2nd Dept. 1983).

**B. DEFENDANTS FAILED TO ESTABLISH A PRIMA FACIE SHOWING AS A MATTER OF LAW, AS THEY CANNOT DEMONSTRATE A LACK OF CONSTRUCTIVE NOTICE**

It is well settled under New York law that, "a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it." *Mahoney v. AMC Entertainment*, 103 A.D.3d 855, 959 N.Y.S.2d 752 (2nd Dept. 2013). "To meet its initial burden on the issue of . . . constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell."

Plaintiff may establish constructive notice by showing a dangerous and hazardous condition was visible, apparent and existed for a sufficient length of time prior to an accident which permits employees of a defendant to discover, and remedy said condition. *Thomason v. Target Corp.*, 2022 WL 1137165 (S.D.N.Y. Apr. 18, 2022); see also *Tango v. Costco Wholesale Corp.*, No. 19CV483SJFARL, 2021 WL 174013, at *4–5 (E.D.N.Y. Jan. 19, 2021); *Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. June 4, 2008); *Taylor v. United States*, 121 F.3d 86, 90 (2d Cir. 1997).

Additionally, and most relevant, mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection of the area in question, is insufficient to establish a lack of constructive notice. *Id.*; *Yioves v. T.J. Maxx, Inc.*, 29 A.D.3d 572, 573 (2nd Dept.

2006) (the court found that "the defendant failed to submit evidence sufficient to establish that the alleged puddle at issue was not visible and apparent. The defendant also failed to submit evidence sufficient to establish when the area in question was last inspected or cleaned on the day of the plaintiff's accident."); see also *Quinones v. Starret City, Inc.*, 163 A.D.3d 1020 (2nd Dept. 2018) (Defendants failed to establish, prima facie, that they lacked constructive notice of alleged hazardous condition where they failed to present evidence of when the specific area where plaintiff fell was last cleaned or inspected prior to the Accident); see also *Eksarko v. Associated Supermarket*, 155 A.D.3d 826, 827–28 (2nd Dept. 2017) ("At best, the deposition testimony of Rodriguez, who was not working at the time of the accident, merely referred to general cleaning practices of Me–Me and provided no evidence regarding any specific cleaning or inspection of the area in question on the day of the plaintiff's fall…Since Me–Me failed to meet its prima facie burden, its motion should have been denied without regard to the sufficiency of the plaintiff's papers in opposition."); see also *Perez v. Wendell Terrace Owners Corp.*, 150 A.D.3d 1162, 1163 (2nd Dept. 2017) ("Here, contrary to the Supreme Court's finding, the defendants failed to establish, prima facie, that they did not create or have constructive notice of the alleged hazardous conditions. Among other things, deposition testimony submitted by the defendants demonstrated that, although the building superintendent and property manager inspected the building on a regular basis, there was no specific schedule for the inspections and there were no records of inspections."); see also *Herman v. Lifeplex, LLC*, 106 A.D.3d 1050 (2nd Dept. 2013) (Mere reference to general cleaning practices, with no evidence regarding any specific cleaning or inspection, was insufficient to establish lack of constructive notice.)

Here, as will be discussed below, the Plaintiff can unequivocally demonstrate, based upon the evidence on the record, that the subject hazardous condition was visible, apparent and existed

for a sufficient length of time prior to an accident which permits employees of a defendant to discover, and remedy said condition. *Thomason v. Target Corp.*, 2022 WL 1137165 (S.D.N.Y. Apr. 18, 2022); see also *Tango v. Costco Wholesale Corp.*, No. 19CV483SJFARL, 2021 WL 174013, at *4–5 (E.D.N.Y. Jan. 19, 2021); *Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. June 4, 2008); *Taylor v. United States*, 121 F.3d 86, 90 (2d Cir. 1997).

The only relevant testimony of someone with knowledge of the facts and circumstances herein presented by Defendants is via the testimony of Vicencio, a manager of the Costco. Her testimony is riddled with vague and ambiguous statements regarding the cleaning and maintenance reporting policies of Costco, including that Costco would not report an Accident such as Plaintiff's. (Defendants Ex. K, pp. 42-43, 54, Defendants' Ex. J, pp. 38, 50-51). Defendants could not even provide such basic information as to who the maintenance worker was at the time of the Accident. (See Defendants' Ex. K, pp. 21-28). The evidence before this Court is entirely void of any facts which would indicate that any inspections or cleaning was performed at the area where the Accident occurred, which is insufficient to demonstrate, prima facie, entitlement to judgment as a matter of law, as Defendants have failed to demonstrate lack of constructive notice. *Eksarko, supra.*

In fact, the only evidence that any inspection of the subject area was conducted on the date of the Accident was in the form of hourly floor walks, which occurred at Costco and vaguely covered the vicinity of the store. (Defendants Ex. J, pp. 34-35). Vicencio testified that the cashier area of the Premises where Plaintiff's Accident occurred, is located in Zone 1 on the Daily Floor-walk Safety Inspection form. Further, she confirmed that the last "floor walk" of Zone 1, before the Accident, began at 5:45 p.m. and ended at 6:28 p.m., and that the next floor walk did not begin until 7:25 PM. (Defendants Ex. J., pp. 41-47).

Accordingly, via Defendants' own testimony, it is evident that an inspection of the subject area, if any, last occurred nearly one (1) hour prior to Plaintiff's Accident. This hour-long window gives rise to the likely scenario that the blueberries were on the ground for a significant length of time after Defendants' last "floor walk" inspection. Further, Plaintiff and non-party witness Tamara Aroutan both testified that the blueberries appeared to have been present on the floor for a significant amount of time, as they appeared crushed and dirty. (Defendants' Ex. H, p. 32; Defendants' Ex. I, p. 31).

It is well established that, where an inspection of an accident area does not occur in even 15-20 minutes prior to an accident, a defendant cannot claim a lack of constructive notice and summary judgment is not warranted. *Huth v. Allied Maint. Corp.*, 143 A.D.2d 634, 636 (2nd Dept. 1988) ("[W]e conclude that the plaintiffs have raised an issue of fact as to whether Allied Maintenance had constructive notice of the spill and was negligent in failing to clean the area in the alleged 20–to–30 minute period that the substance was on the floor, given its conceded responsibility to maintain the floors at the Aqueduct Racetrack."); see also *Catanzaro v. King Kullen Grocery Co.*, 194 A.D.2d 584, 584-585, (2nd Dept. 1993) (Holding that a jury could find constructive notice where the plaintiff's evidence suggested that the puddle was created between 10 and 30 minutes before the accident.) And because the blueberries appeared to be crushed and dirty, it is presumed that they had been present on the floor for quite some time which further demonstrates that the Defendants had constructive notice. *Catanzaro, supra.* (Holding that constructive notice could be found as hazardous condition was surrounded by both wet and dry footprints.)

Lastly, there is, at the very least, an issue of fact as to whether the spillage of produce such as blueberries was a recurring condition so as to preclude summary judgment herein. Vicencio

testified that she had observed other patrons of Costco, prior to the subject Accident, eat produce out of plastic containers or bags, and "would not press the issue." (Defendants' Ex. K, pp. 41-42). These containers or packages serve the purpose of ensuring that spills such as the spill here would not occur.

Further, Vicencio testified to regularly receiving complaints of spills in the store, including in the accident area. (Defendants' Ex. K, pp. 50-51). The fact that Costco was aware that guests would open containers and eat the produce throughout the Premises prior to purchase, without stopping them, coupled with the fact that Costco employees regularly received complaints regarding spilled debris, demonstrates that Costco had constructive notice of the recurring condition that caused Plaintiff's Accident, thereby precluding summary judgment. *Taliana v. Hines REIT Three Huntington Quadrangle, LLC*, 197 A.D.3d 1349 (2nd Dept. 2021) (Owner of premises who has actual knowledge of ongoing and recurring dangerous condition can be charged with constructive notice of each specific recurrence of that condition, for purpose of a negligence claim arising from injuries from that condition.); *McLaughlan v. Waldbaums, Inc.*, 237 A.D.2d 335 (2nd Dept. 1997) (Genuine issues of material fact, precluding summary judgment for grocery store in negligence action by customer who alleged that she was injured when numerous bottles of soda fell from store display and struck her after she took bottle of soda from that display, existed as to whether defendant had actual knowledge of recurrent dangerous condition with respect to that display, and thus, as to whether store could be charged with constructive notice of each specific reoccurrence of condition.); *Black v. Kohl's Dep't Stores, Inc.*, 80 A.D.3d 958 (2nd Dept. 2011) (Lack of constructive notice not demonstrated where store manager testified to seeing handbags on the floor in area of store, which caused slip and fall).

## C.  MBA HAS FAILED TO DEMONSTRATE IT IS AN
## OUT-OF-POSSESSION LANDLORD NOT SUBJECT TO LIABILITY

Defendants erroneously argue that MBA is entitled to dismissal and invoke the out-of-possession landlord doctrine. It is well established in New York case law that an out-of-possession landlord may be liable for injuries that occur on their premises if they have retained control over the premises or are contractually obligated to perform maintenance and repairs to the premises. *Frank-Shaevich v. United Artists Theatre Cir., Inc.*, No. 15CIV6990AMDSMG, 2016 WL 183911, at *2 (E.D.N.Y. Jan. 14, 2016); see also *Felipe v. Target Corp.*, 572 F. Supp. 2d 455,461 (S.D.N.Y. 2008).

In *Williams v. Matrix Fin. Servs. Corp.*, 158 F.App'x 301, 302 (2d Cir. 2005), the court found that "New York holds that an owner must have completely parted with control of the building' to invoke the out-of-possession doctrine." *Williams*, 158 F.App'x at 302; see also *Siemion v. BJ'S Wholesale Club Inc.*, No. 219CV855DRHARL, 2019 WL 3561896, at *2 (E.D.N.Y. Aug. 6, 2019); *Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 671 (E.D.N.Y. 2017); *Grippo v. City of New York*, 45 A.D.3d 639, 640 (2nd Dept. 2007).

In the present case, MBA did not completely part with the control of the Premises. In fact, Defendants' "Daily Floor-walk Safety Inspection" (Defendants' Ex. P) form includes a stamp with the names of both Defendants, "COSTCO / MBA". Further, the form provides the following instructions: "Inspect every aisle for unsafe conditions and potential hazards by physically walking down congested aisles, or visually inspecting unobstructed aisles. Report critical issues immediately." Therefore, said form / stamp and instructions clearly raise a question of fact as to whether MBA remained involved in the inspection and maintenance procedures of their Premises.

Further, Defendants argue that pursuant to a Ground Lease, Defendant Costco Wholesale Corporation had exclusive control over the Premises and is obligated to maintain said Premises.

However, Section 23 of the Lease, entitled "Inspection of Premises," explicitly permits the landlord (MBA) access to inspect the Premises without notice in case of emergency, and with notice any time between 9AM and 5PM Monday through Friday to "ascertain Tenant's compliance with the terms and conditions of this Lease." (Defendants Ex. N. Section 23).

It is well established that a landlord that retains a broad right of reentry for inspection may be liable under common law, and therefore not entitled to the protections of an out-of-possession landlord. *Alnashmi v. Ceritified Analytical Group, Inc.*, 89 A.D.3d 10, 15, (2nd Dept. 2011); *Denermark v. 2857 W. 8th St. Assocs.*, 111 A.D.3d 660 (2nd Dept. 2013). Accordingly, based upon MBA's broad right of re-entry and inspection of the Premises, it has not completely parted with control of the Premises so as to be absolved from liability as an out-of-possession landlord, and that portion of the motion seeking same must be denied.

It is clear that MBA has not completely parted with the control of the Premises and remains involved in the methods of inspection and maintenance of the premises. Therefore, MBA is not an out-of-possession landlord and should not be dismissed from this action as MBA owed a duty to the Plaintiff to maintain their Premises in a safe condition.

## CONCLUSION

Based on the evidence before this Court, at the very least, clear questions of fact exist as to whether Defendants possessed constructive notice of the aforementioned hazardous and dangerous condition, and whether MBA was an out-of-possession landlord. Therefore, Plaintiff respectfully requests that this Court deny Defendants' motion for summary judgment in its entirety.

Dated: New York, New York
October 24, 2022

Yours, etc.,

McMANUS ATESHOGLOU
AIELLO & APOSTOLAKOS PLLC

By: _____

PHILIP V. AIELLO