UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

FOUZIA JADA,

                                Plaintiff,           **MEMORANDUM & ORDER**
                                                        21-CV-194 (MKB)

       v.

COSTCO WHOLESALE CORPORATION and
MBA – VERNON BOULEVARD, LLC,

                              Defendants.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Fouzia Jada commenced the above captioned action against Defendants Costco

Wholesale Corporation ("Costco") and MBA – Vernon Boulevard, LLC ("MBA") on September

16, 2020 in the Supreme Court of the State of New York, Queens County.  (Verified Compl.,

annexed to Notice of Removal as Ex. A, Docket Entry No. 1.)  On January 13, 2021, Defendants

removed this action to the Eastern District of New York based on diversity jurisdiction under 28

U.S.C. § 1332.  (Notice of Removal, Docket Entry No. 1.)  Plaintiff asserts a claim of negligence

against Defendants, alleging that Defendants' negligence led to her fall while visiting

Defendants' store and property, resulting in injuries.  (*See generally* Am. Verified Compl.,

annexed to Notice of Removal as Ex. A, Docket Entry No. 1.)

Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of

Civil Procedure, and Plaintiff opposes the motion.[1]  For the reasons set forth below, the Court

grants Defendants' summary judgment motion.

---

[1] (Defs.' Notice of Mot. for Summ. J., Docket Entry No. 29; Defs.' Mem. in Supp. of
Mot. for Summ. J. ("Defs.' Mem."), Docket Entry No. 29-18; Defs.' Reply in Supp. of Mot. for

## I. Background

The following facts are undisputed unless otherwise noted.[2]

### a. Plaintiff's accident

On August 16, 2018, MBA owned the property at 3250 Vernon Boulevard, Long Island City, NY (the "Property"), (Defs.' 56.1 ¶ 23), and Costco occupied the Property pursuant to a lease with MBA,[3] (*id.* ¶ 24).

On August 16, 2018, at or around 7:20 PM, Plaintiff was shopping at Costco with her friend, Tamara Aroutyan, when she allegedly slipped on blueberries on the floor of the store. (Defs.' 56.1 ¶¶ 1–3.)  The blueberries were on the floor near the registers and Plaintiff and Aroutyan had already reached the same register once before the alleged incident.  (*Id.* ¶¶ 4–5.)  Plaintiff was in the process of paying for her goods at the cash register when a Costco employee informed her that there was a sale on items which allowed her to obtain an item for free.  (Pl.'s 56.1 Resp. ¶ 5.)  Upon retrieving the item from the rear of the Costco, as Plaintiff re-approached the cash register, she slipped and fell on blueberries scattered on the floor near the registers.  (*Id.*)

Neither Plaintiff nor Aroutyan knew how the blueberries got onto the floor and neither saw any blueberries on the floor before the accident.  (Defs.' 56.1 ¶¶ 8–9, 11.)  Plaintiff slipped on the blueberries when she was approximately two to three yards from the register.  (*Id.* ¶ 13.)

As a matter of practice, Costco employees conduct hourly floor-walks, including the floor

---

Summ. J. ("Defs.' Reply"), Docket Entry No. 32; Pl.'s Mem. in Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Opp'n"), Docket Entry No. 30.)

[2]  (Defs.' Rule 56.1 Stmt. of Material Facts ("Defs.' 56.1"), Docket Entry No. 29-19; Pl.'s Resp. to Rule 56.1 Stmt. of Material Facts ("Pl.'s 56.1 Resp."), Docket Entry No. 31.)

[3]  The parties dispute whether MBA retained control over the premises.  (Pl.'s 56.1 Resp. ¶¶ 28–32, 34.)

area near the registers, which include checking whether the floors are clean and clear. (*Id.* ¶ 19.)
The floor walk sheet from August 16, 2018 does not show any indication of blueberries on the
floor prior to the accident. (*Id.* ¶ 20.) The parties dispute whether Costco regularly cleaned the
front end of the warehouse, including the area where the alleged incident occurred. (*Id.* ¶ 21;
Pl.'s 56.1 Resp. ¶ 21.)

## II.  Discussion

### a.  Standard of review

Summary judgment is proper only when "there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Radwan v.
Manuel*, 55 F.4th 101, 113 (2d Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *Borley v. United
States*, 22 F.4th 75, 78 (2d Cir. 2021) (same). The court must "constru[e] the evidence in the
light most favorable to the nonmoving party," *Radwan*, 55 F.4th at 113 (alteration in original)
(quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011)), and "resolve all
ambiguities and draw all permissible factual inferences in favor of the party against whom
summary judgment is sought," *Koral v. Saunders*, 36 F.4th 400, 408 (2d Cir. 2022) (quoting
*Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)); *see also Lenzi v. Systemax, Inc.*, 944 F.3d
97, 107 (2d Cir. 2019) (same). The role of the court "is not to resolve disputed questions of fact
but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kee v.
City of New York*, 12 F.4th 150, 167 (2d Cir. 2021) (quoting *Kaytor v. Elec. Boat Corp.*, 609
F.3d 537, 545 (2d Cir. 2010)); *see also Rogoz v. City of Hartford*, 796 F.3d 236, 245 (2d Cir.
2015) (same). A genuine issue of fact exists when there is sufficient "evidence on which the jury
could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
242, 252 (1986). The "mere existence of a scintilla of evidence" is not sufficient to defeat

summary judgment.  *Id.*  The court's function is to decide whether, "after resolving all ambiguities and drawing all inferences in favor of the nonmovant, a reasonable jury could return a verdict for the nonmovant."  *Miller v. N.Y. State Police*, No. 20-CV-3976, 2022 WL 1133010, at *1 (2d Cir. Apr. 18, 2022) (first citing *Anderson*, 477 U.S. at 248; then citing *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127, 129 (2d Cir. 2013)); *see also Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000) (same).

        **b.   Plaintiff's negligence claim**

        Defendants make several arguments in support of their motion for summary judgment. First, that federal rather than state procedural law determines the showing necessary for a grant of summary judgment.  (Defs.' Mem. 7–9; Defs.' Reply 2–3.)  Second, that "[t]here is no evidence in the record indicating that Defendants created the alleged dangerous condition or otherwise caused the blueberries to be located on the floor."  (Defs.' Mem. 9.)  In support, Defendants argue that Plaintiff and Aroutyan testified that they did not know how the blueberries came to be on the floor.  (*Id.* at 9–10.)  Third, that there is no evidence that they had actual or constructive notice of the blueberries on the floor.  (*Id.* at 10–13.)  Defendants argue that there is no evidence that Costco, Costco's employees, or MBA were aware of the blueberries before Plaintiff's accident, and that there is no non-speculative evidence that the "blueberries were on the floor for a sufficient length of time prior to the incident to permit Costco's employees to discover and remedy the condition."  (*Id.* at 13.)  Defendants argue that the fact that the blueberries were "crushed" or "dirty" does not "give rise to an inference as to the length of time the blueberries were on the floor."  (*Id.*)  Fourth, Defendants argue that Plaintiff's argument as to a recurrent condition in the store fails because Plaintiff sets forth no evidence indicating that the accident was "caused by a specific recurrence of a recurring dangerous condition, about which

[D]efendants had actual notice." (Defs.' Reply 5.) Finally, Defendants argue that the Amended Verified Complaint must be dismissed against MBA because MBA is an "out-of-possession owner that has not retained control over the premises and is not contractually obligated to maintain the premises." (Defs.' Mem. 14–15.)

Plaintiff argues that, first, under New York law, "a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making [a] prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it." (Pl.'s Opp'n 11.)[4] Second, the evidence in the record shows that "the subject hazardous condition was visible, apparent and existed for a sufficient length of time prior to [the] accident which permits employees of . . . [D]efendant[s] to discover, and remedy said condition." (*Id.* at 12–13.) In support, Plaintiff argues that (i) the testimony of Costco manager and non-party witness, Alejandra Vicencio, was "riddled with vague and ambiguous statements regarding the cleaning and maintenance reporting policies of Costco;" (ii) "Defendants could not even provide such basic information as to who the maintenance worker was at the time of the [a]ccident;" (iii) the floor walk inspection conducted by Costco employees "occurred nearly one (1) hour prior to Plaintiff's [a]ccident," which "gives rise to the likely scenario that the blueberries were on the ground for a significant length of time after Defendants' last 'floor walk' inspection;" and (iv) Plaintiff and Aroutyan testified that the blueberries "appeared crushed and dirty" indicating they had been on the floor for a significant amount of time. (*Id.* at 13–14.) Third, Plaintiff argues that spillage of produce was a recurring condition because Vicencio testified that she had observed other patrons of Costco eat produce

---

[4] Plaintiff failed to paginate her opposition brief, and the Court therefore uses the page numbers assigned by the electronic case filing system.

out of plastic containers or bags and that such bags are meant to ensure that spills, like the spill that caused Plaintiff's accident, "would not occur." (*Id.* at 14–15.) Finally, Plaintiff argues that MBA is liable because New York case law is clear that "an out-of-possession landlord may be liable for injuries that occur on their premises if they have retained control over the premises or are contractually obligated to perform maintenance and repairs to the premises." (*Id.* at 16.) In support, Plaintiff argues that MBA did not completely give up control of the property because Defendants' daily floor-walk inspection sheet "includes a stamp with the names of both Defendants, 'COSTCO / MBA.'" (*Id.*) In addition, Plaintiff argues that section 23 of the lease agreement permits MBA "access to inspect the [p]remises without notice in case of emergency" which renders MBA ineligible to receive the protections of an out-of-possession landlord. (*Id.* at 17.)

"Under New York law, a tort plaintiff seeking to prove a defendant's negligence must show: '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" *Union Mut. Fire Ins. Co. v. Ace Caribbean Mkt.*, 64 F.4th 441, 445 (2d Cir. 2023) (quoting *Borley*, 22 F.4th at 78); *see also Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020) ("To establish liability under New York law, a plaintiff must prove (1) that the defendant owed her a duty; (2) that the defendant breached that duty; and (3) that she suffered injuries proximately resulting from that breach." (citing *Solomon ex rel. Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985))); *Johnson v. AFNI, Inc.*, No. 22-CV-2930, 2023 WL 2970919, at *2 (S.D.N.Y. Apr. 15, 2023) ("To state a claim for negligence under New York law, a plaintiff 'must establish the existence of a legal duty, a breach of that duty, proximate causation, and damages.'" (quoting *MVB Collision, Inc. v. Allstate Ins. Co.*, 13 N.Y.S.3d 137, 138 (App. Div. 2015))).

"To succeed on a premises liability claim alleging any injury caused by a defective condition, the plaintiff must demonstrate 'that the defendant either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it.'" *Tenay v. Culinary Tchrs. Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (quoting *Baez v. Jovin III, LLC*, 839 N.Y.S.2d 201, 202 (App. Div. 2007)); *see also Borley*, 22 F.4th at 79 ("In slip-andfall cases, . . . to show a 'breach of duty,' a plaintiff must show that a defendant either created the dangerous condition or had actual or constructive notice of the condition and its dangerousness." (citation omitted)); *Bynoe v. Target Corp.*, 548 F. App'x 709, 710 (2d Cir. 2013) ("Under New York law, a landowner, who did not create the dangerous condition, is liable for negligence when a condition on his land causes injury only when the landowner had actual or constructive notice of the condition." (quoting *Taylor v. United States*, 121 F.3d 86, 89–90 (2d Cir. 1997))); *Burden v. Wal-Mart Stores E., LP*, No. 17-CV-1289, 2018 WL 4680025, at *4 (S.D.N.Y. Sept. 28, 2018) (in a premises liability case "a plaintiff must first show 'the existence of a dangerous or defective condition' that caused the accident," and then must show "that the defendant either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it" (first quoting *Vasquez v. United States*, No. 14-CV-1510, 2016 WL 315879, at *4 (S.D.N.Y. Jan. 15, 2016); then quoting *Decker v. Middletown Walmart Supercenter Store*, No. 15-CV-2886, 2017 WL 568761, at *4 (S.D.N.Y. Feb. 10, 2017))).

Construing the evidence in Plaintiff's favor, the Court grants Defendants' motion for summary judgment because there is no genuine dispute of fact that Defendants did not create the hazardous condition, or have actual or constructive notice of the condition.

### i.   Summary judgment standard

As an initial matter, while the parties do not dispute that New York law controls as to the elements of Plaintiff's negligence claim, they dispute whether New York state law or federal procedural law determines the summary judgment standard for a slip and fall case.  Defendants argue that federal rather than state procedural law determines the showing necessary for a grant of summary judgment.  (Defs.' Mem. 7–9; Defs.' Reply 2–3.)  Plaintiff argues that under New York law, "a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making [a] prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it."  (Pl.'s Opp'n 11.)

Because this action was removed from New York state court on the basis of diversity of citizenship between the parties, Plaintiff's claims are governed by New York substantive law and federal procedural law.  *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Sarkees v. E. I. Dupont De Nemours & Co.*, 15 F. 4th 584, 588 (2d Cir. 2021) ("In a diversity of citizenship case, state law, here New York's, applies to substantive issues, and federal law applies to procedural issues.").  The moving party's burden of proof on a summary judgment motion is procedural, and under the distinction created by *Erie R. Co. v. Tompkins* and its progeny, is subject to federal law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Lyman*, 2018 WL 4538908, at *2.  Thus, the federal summary judgment standard applies to Defendant's motion for summary judgment.  *See, e.g., Tenay*, 281 F. App'x at 13 (applying the federal summary judgment standard to a New York slip and fall case); *Lyman*, 2018 WL 4538908, at *2 (same); *Strass v. Costco Wholesale Corp.*, No. 14-CV-06924, 2016 WL 3448578, at *3 n. 5 (E.D.N.Y. June 17, 2016) (same).  Accordingly, as the moving party, Defendants have the initial burden to

demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once

Defendants meet this burden, Plaintiff must identify specific facts and affirmative evidence that

contradict those offered by the Defendants to demonstrate there is a genuine issue for trial. *Id.*;

*see also Strass*, 2016 WL 3448578, at *3 ("Under the federal summary judgment standard,

[d]efendant is not required to put forth evidence affirmatively demonstrating its lack of

knowledge or its constructive knowledge; rather, it need only show that [p]laintiffs will not be

able to prove at trial that [d]efendant had such knowledge.").

### ii.   Creation of the condition

Defendants argue that "[t]here is no evidence in the record indicating that Defendants

created the alleged dangerous condition or otherwise caused the blueberries to be located on the

floor." (Defs.' Mem. 9.)

Plaintiff argues that Defendants have the initial burden of making a prima facie showing

that they did not create the hazardous condition. (Pl.'s Opp'n 11.)

"In the context of a summary judgment motion, Plaintiff's burden . . . is not merely to

proffer a plausible theory, but to present evidence from which a reasonable jury could draw the

inference that Defendant[s] created the hazardous condition." *Strass*, 2016 WL 3448578, at *4

(first alteration in original) (quoting *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 319 (E.D.N.Y.

2014)); *see also Tenay*, 281 F. App'x at 13 (noting that "in cases where the nonmovant will bear

the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 [of the

Federal Rules of Civil Procedure] will be satisfied if he can point to an absence of evidence to

support an essential element of the nonmoving party's claim," (quoting *Brady v. Town of

Colchester*, 863 F.2d 205, 210–11 (2d Cir. 1988)). "To establish that a defendant created a

dangerous condition or defect, a plaintiff must point to 'some affirmative act' on the part of the

defendant." *Lyman*, 2018 WL 4538908, at *5 (quoting *Vasquez*, 2016 WL 315879, at *7). "Although circumstantial evidence may be sufficient to defeat a motion for summary judgment if it creates an inference that [d]efendant created the condition through affirmative acts, [a] plaintiff cannot avoid summary judgment through mere speculation and conjecture regarding how a defendant may have created a particular hazard." *Decker*, 2017 WL 568761, at *5 (internal quotation marks and citations omitted).

It is undisputed that Plaintiff did not know "how the blueberries involved in the alleged incident got onto the floor." (Defs.' 56.1 ¶ 8.)  Plaintiff does not point to any other evidence indicating that Costco or its employees created the spill that caused Plaintiff's fall.  Thus, there is no evidence that Defendants created the hazardous condition.  *See Tenay*, 281 F. App'x at 13 (holding that "the district court did not err in relying on [the plaintiff's] failure to adduce evidence regarding the elements of his [negligence] claim in granting" summary judgment, as "there is no evidence that the [defendant] created the wet floor condition that caused [the plaintiff's] fall"); *Leandro v. Wal-Mart Supercenter Store #2104*, No. 19-CV-2108, 2021 WL 2742622, at *5 (S.D.N.Y. June 30, 2021) (granting summary judgment to defendant where there was "no evidence showing how the fruit . . . ended up on the floor"); *Strass*, 2016 WL 3448578, at *4 (granting defendant summary judgment on the issue of creation of a hazardous condition where plaintiffs failed to point to evidence establishing that Costco created the spill); *Painchault v. Target Corp.*, No. 09-CV-1831, 2011 WL 4344150, at *3 (E.D.N.Y. Sept. 14, 2011) (granting summary judgment where plaintiff did not know the source of the spill and failed to present any other evidence regarding its source).

### iii.  Actual notice

Defendant argues that "[t]here is absolutely no evidence in the record indicating that Defendants had actual notice of the blueberries on the floor prior to the subject alleged incident." (Defs.' Mem. 10.)

Plaintiff argues that Defendants have the burden of demonstrating that they did not have actual notice of the hazardous condition.  (Pl.'s Opp'n 11.)

"To show actual notice, the plaintiff must 'prove that the defendants were, in fact, aware of the dangerous condition.'"  *Strass*, 2016 WL 3448578, at *4 (quoting *Quarles v. Columbia Sussex Corp.*, 997 F. Supp. 327, 332 (E.D.N.Y. 1998)); *Nussbaum v. Metro-N. Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) ("Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition.").

Plaintiff proffers no evidence that Defendants or Defendants' employees saw the blueberries on the floor prior to Plaintiff's fall.  Plaintiff has not pointed to any evidence that Defendants received complaints about the blueberries on the floor prior to her accident.  In fact, the floor walk sheet from August 16, 2018 does not show any indication of blueberries on the floor prior to the accident.  (Defs.' 56.1 ¶ 20.)  In addition, Plaintiff herself approached the register in the same location shortly before the incident and did not notice any blueberries on the floor.  (*Id.* ¶¶ 4–5, 8–9, 13.)  The Court's review of the record reveals no evidence indicating that Defendants had actual notice of the condition before Plaintiff's accident.  Because there is no evidence that Defendants were actually aware of the spill, Plaintiff fails to show that Defendants had actual notice.  *See Leandro*, 2021 WL 2742622, at *8 (granting summary judgment to defendants where there was no evidence that defendants were aware of the dangerous condition before the accident); *Strass*, 2016 WL 3448578, at *4 (granting summary judgment where

"[a]side from conclusory references to 'actual notice,' [p]laintiffs d[id] not identify any evidence that would support a finding that [defendant] was, in fact, aware of the condition that allegedly caused [plaintiff's] fall").

### iv.    Constructive notice

Because the Court finds that Plaintiff has failed to present any evidence that Defendants created the hazardous condition or had actual notice of it, the remaining issue is whether the record contains evidence that Defendants had constructive notice of the condition.

Defendants contend that there is "no evidence that [they] had constructive notice of the blueberries on the floor prior to Plaintiff's fall." (Defs.' Mem. 10.)  In support, they argue there is no evidence of when or how the blueberries got onto the floor in a crowded area of the store and to the extent that Plaintiff contends that the blueberries were "crushed" or "dirty" to argue that they had been on the floor for a significant period of time, caselaw does not support the argument that the condition of the blueberries on the floor after the accident creates an issue of fact.  (Defs.' Mem. 10–12 (citing *Strowman v. A&P*, 675 N.Y.S.2d 82, 82 (App. Div. 1998)).)  In addition, Defendants argue that the blueberries on the floor were not a "recurring condition" because in order to "establish constructive notice under a recurring dangerous condition theory, [P]laintiff must show that the accident was caused by a specific recurrence of a recurring dangerous condition, about which [D]efendants had actual notice," and there is no evidence as to how the blueberries came to be on the floor.  (Defs.' Reply 5–6.)

First, Plaintiff argues that Defendants had constructive notice of the hazardous condition because the evidence demonstrates that the blueberries "appeared crushed and dirty" which indicates that they were "present on the floor for a significant amount of time." (Pl.'s Opp'n 14.)  Second, Plaintiff argues that there is "an issue of fact as to whether the spillage of produce such

12

as blueberries was a recurring condition so as to preclude summary judgment." (*Id.*)  In support, Plaintiff argues that Vicencio testified that she had observed other patrons of Costco eat produce out of plastic containers or bags and that she knew the store "regularly receiv[ed] complaints of spills in the store, including in the accident area." (*Id.* at 15.)  Third, Plaintiff argues that Defendants were "aware that guests would open containers and eat the produce throughout the [store] prior to purchase, without stopping them, coupled with the fact that Costco employees regularly received complaints regarding spilled debris, demonstrates that Costco had constructive notice of the recurring condition that caused Plaintiff's [a]ccident." (*Id.*)

"To prove liability based on constructive notice, the danger must have been 'visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it.'" *Nussbaum*, 603 F. App'x at 12 (quoting *Lemonda v. Sutton*, 702 N.Y.S.2d 275, 276 (App. Div. 2000) (granting summary judgment without reaching the question of whether the hazard existed for a sufficient length of time because the hazard was determined not to be visible and apparent)); *Antonelli v. Wal-Mart Stores, Inc.*, 216 F.3d 1071 (2d Cir. 2000) (same) (quoting *Gordon v. Am. Museum of Nat. Hist.*, 67 N.Y.2d 836, 837 (1986)); *Lionel*, 44 F. Supp. 3d at 323–24 (granting summary judgment where the plaintiff could only prove that plastic lid was visible and apparent, but could not prove that it existed for a sufficient length of time).  The plaintiff's burden at this stage of the proceedings is not merely to proffer a plausible theory, but to present evidence from which a reasonable jury could draw the inference that the spill was both visible and apparent and that it existed for a sufficient length of time prior to the accident. *See Tenay*, 281 F. App'x at 13 (holding that "the district court did not err in relying on [the plaintiff's] failure to adduce evidence regarding the elements of his [negligence] claim" in granting summary judgment).  A plaintiff cannot simply prove that the

defendant was "generally aware of the existence of the dangerous condition"; instead, she must prove that the defendant had "notice of the 'particular condition' at issue." *Taylor v. United States*, 121 F.3d 86, 90 (2d Cir. 1997) (quoting *Gordon*, 67 N.Y.2d at 838).

Even assuming that the blueberries on the floor were a "visible and apparent" condition, the record lacks evidence regarding when the blueberries were spilled on the floor, which is fatal to Plaintiff's claim of constructive notice. Defendants have met their burden of evidence at this stage by demonstrating that Plaintiff and Aroutyan conceded that they do not know how the blueberries came to be on the floor or when the blueberries were placed on the floor. In addition, Plaintiff and Aroutyan had already reached the register in the area where the blueberries were found before the alleged accident, (Pl.'s 56.1 Resp. ¶ 5), and Plaintiff concedes that "Plaintiff and Ms. Aroutyan did not see the blueberries on the floor when they initially approached the cashier," (Pl.'s 56.1 Resp. ¶ 5). Plaintiff then "proceeded to retrieve [an] item from the rear of the Costco, and as she arrived back at the register, she slipped and fell on blueberries scattered on the floor mere feet from the subject register and Costco employee." (*Id.*) Plaintiff offers no evidence regarding when the spill took place, and explicitly testified that she was unaware of how long the blueberries were on the floor. *See Leandro*, 2021 WL 2742622, at *10 (finding no constructive notice where "[p]laintiff offers no evidence regarding when the spill took place"); *Casierra v. Target Corp.*, No. 09-CV-1301, 2010 WL 2793778, at *3 (E.D.N.Y. July 12, 2010) (granting defendant summary judgment on constructive notice where there was "simply no evidence . . . as to how long" the debris was on the floor).

Plaintiff's argument that the blueberries were "crushed" and "dirty" after her accident does not create a dispute of fact regarding the length of time the blueberries were on the floor because the blueberries could have been crushed and dirty before they fell on the floor or could

have become crushed and dirty because Plaintiff slipped on them. Plaintiff's testimony that she did not notice the blueberries when she first approached the register shortly before retrieving an item from the back of the store and returning to the same register also suggests that the blueberries were not on the floor for a lengthy period before her fall. *See Lacey v. Target Corp.*, No. 13-CV-4098, 2015 WL 2254968, at \*4 (E.D.N.Y. May 13, 2015) (granting summary judgment absent "material question of fact as to the length of time the apple was on the floor, as it could have been brown and oxidized before it fell on the floor"); *Strowman v. A&P*, 675 N.Y.S.2d 82, 83 (App. Div. 1998) ("The observation after the accident that the banana peel was crushed and dirty does not warrant the inference that the banana peel was in such a condition prior to the accident since the manner in which the accident occurred would leave a banana peel dirty and crushed."). Plaintiff's argument that Defendants were on constructive notice of the spill because customers regularly consume food items in the store is speculative and disconnected from Plaintiff's accident for which there is no evidence as to how the blueberries came to be on the floor. *Fischer v. Forrest*, 968 F.3d 216, 221 (2d Cir. 2020) ("[M]ere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." (citation omitted)). Therefore, the Court finds that there is no evidence that Defendants were on constructive notice of the hazardous condition. Accordingly, the Court grants Defendants' motion for summary judgment.[5]

---

[5] Because the Court grants Defendants' motion for summary judgment on Plaintiff's negligence claim, the Court need not address the parties' arguments regarding MBA's liability as an out-of-possession owner. *Kraft v. City of New York*, 696 F. Supp. 2d 403, 421 n. 7 (S.D.N.Y. 2010) ("Because I dismiss plaintiff's state law claims on the merits, I do not reach the [defendant's] argument that dismissal with respect to certain defendants is appropriate."), *aff'd*, 441 F. App'x 24 (2d Cir. 2011).

## III.  Conclusion

For the foregoing reasons, the Court grants Defendants' motion for summary judgment

and dismisses this action.

Dated: September 1, 2023
        Brooklyn, New York

                                SO ORDERED:


                                _____/s/ MKB_____
                                MARGO K. BRODIE
                                United States District Judge